(No. 35529.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PAUL HUNTER, Plaintiff in Error.

*Opinion filed September 22, 1961.*

ALLEN S. GERRARD, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

As a result of a finding of guilty by a jury in criminal court of Cook County, the defendant in June, 1959, was sentenced to the Illinois penitentiary for an indeterminate term of 10 to 20 years for robbery while armed.

Paul Hunter comes here on writ of error, seeking a review of his conviction contending principally that his identification was not proved beyond a reasonable doubt. He also argues that the trial court erred in giving for the State an alibi instruction which has heretofore been condemned by this court. The defendant failed to assert this error in his written motion for a new trial. We have frequently held that where grounds for a motion for new trial are stated in writing, the party is limited to the errors alleged in the written motion and all other errors are deemed to have been waived. *People* v. *Flynn,* 8 Ill.2d 116.

Turning our attention to the proof adduced on trial, we find Anna Hope, the prosecuting witness, was on the threshold of graduation at Northwestern University in Evanston, Illinois, at the time of the occurrence in question. On the evening of March 16, 1959, Miss Hope went over to Scott Hall, which is a study lounge of Northwestern University to prepare for two final examinations which she was to take the following day. At 8:45 that evening she visited the woman's lounge which contained wash basins and toilets. As she emerged from the lavatory she found herself confronted by a man who inquired if there was any one else in the toilet enclosure. He then made an indecent proposal to Miss Hope whereupon she very cleverly per-

suaded the intruder to refrain from molesting her. However, he took from her all the money she possessed—four $1 bills. During this incident the weapon he displayed was a screwdriver.

Miss Hope reported her experience to the Evanston police and was requested the next day to scrutinize a large collection of photographs. She identified Paul Hunter as her assailant. This led to the arrest of the defendant who was placed in a line the following day at the Evanston police station when Miss Hope identified him with certainty.

On the trial Miss Hope was positive in her testimony that the defendant was the person who assaulted her in the woman's lounge of Scott Hall. She recognized a coat and cap found in the possession of the defendant on the date of his arrest as the one he was wearing at the time of the robbery.

The defendant testified that he was not in Scott Hall on March 16, 1959, although he admitted he was familiar with the premises, as he had worked there for two years several years previously. He stated that on the hour in question he was at home with his wife. Defendant's wife and three others who jointly occupied the premises where Hunter lived supported this alibi. They were all positive that the defendant was at home at 9 o'clock in the evening because the Evanston police visited this home at that hour in response to a call that there was a disorderly disturbance there that needed police attention. The police however exhibited their records which showed that they were at the defendant's home at 10:00 o'clock P.M. on March 16. It might be observed that the defendant gave the police a much different account of his activities on the night of March 16 than was heard from the witness stand.

The alibi proof generally contained many inconsistencies and weaknesses and it is fair for us to say that it did not have the ring of truth. There was a stipulation entered into between the prosecution and counsel for defendant that the

records of the Cook County criminal court disclose that on January 5, 1951, Paul Hunter was sentenced to the Illinois State Penitentiary as a result of his conviction of robbery while armed with a shotgun.

This court has had occasion to sustain a conviction when there is a single identifying witness. (*People* v. *Brown*, 16 Ill.2d 482; *People* v. *Fortino*, 356 Ill. 415; *People* v. *LeMar*, 358 Ill. 58.) The verdict and judgment entered here are sustained by this record.

*Judgment affirmed.*