**The People of the State of Illinois, Plaintiff-Appellee, v. Melvin Marshall, Defendant-Appellant.**

**Gen. No. 50,381.**

First District, Third Division.

September 15, 1966.

Luther A. Harthun, of Chicago (Vorris J. Blankenship and Hopkins, Sutter, Owen, Mulroy, Wentz & Davis, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Zagel, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Melvin Marshall was indicted for armed robbery. After a nonjury trial he was found guilty and sentenced to a term of two to seven years in the penitentiary. On appeal he contends (1) the indictment was defective, (2) the State failed to prove beyond a reasonable doubt that the defendant was the person who committed the crime, (3) the court erred in allowing a witness to testify who remained in the courtroom in violation of the court's order excluding witnesses, (4) the court erred in failing to re-

quire police notes of a statement of the complaining witness to be made available to defense counsel for impeachment purposes and (5) the failure of the State to give defense counsel prior notice of the defendant's "confession by silence" rendered testimony with respect to that "confession" inadmissible.

On the afternoon of January 26, 1964, a man drove into a gas station at 502 South California Avenue in Chicago and was waited on by Arnold Robinson, the assistant manager of the station. The man asked if he sold cigarettes and Robinson went into the station to get them. When he returned the man was standing outside the automobile. He asked to have the radiator and transmission checked, and stood beside Robinson as it was done. The man then asked how much he owed and was told it was a dollar. He showed Robinson a sawed-off shotgun and demanded his money. Robinson gave him about $45. After the man drove away, Robinson telephoned the police.

■ The defendant's first point is that the indictment was defective since it stated as the time and place of the offense only the date (January 26, 1964) and the county (Cook). The same point was considered in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97 (1965) and a similar indictment was held sufficient.

The defendant's second point is that the State failed to prove beyond a reasonable doubt that he was the person who committed the offense. Three days after the robbery Robinson went to a police station and viewed two to three hundred photographs in an attempt to identify the robber. He thought that one photograph was of the robber, but the picture was blurry and he was not certain. About one month later he was taken to a police lineup; he was told the man whose picture he had picked out would be in the lineup but he was not then shown the picture. Five men were in the lineup and after viewing them for four

minutes he tapped the defendant, who was the middle man, on the shoulder and accused him of being the man who robbed him. The defendant said nothing. The defendant testified that there were only four men in the showup, that he was the only one wearing a hat and that he was told to remove his hat and did so. He also testified that Robinson viewed the lineup for five, six or seven minutes, that the other men in the lineup were ordered to leave and Robinson then tapped him on the shoulder to indicate that he was the robber. According to the defendant he asked his accuser to look him squarely in the eyes and say that he was the man who "stuck him up" and that Robinson turned away and left the room. He denied that Robinson accused him and that he remained silent.

In weighing evidence of identification the attendant circumstances together with the probability or improbability of an adequate opportunity for a definite identification must be considered, and a positive identification by one witness who had ample opportunity for observation may be sufficient to support a conviction even though the testimony is contradicted by the accused. People v. Donald, 29 Ill2d 283, 194 NE2d 227 (1963). Robinson testified that the weather on January 26, 1964, was nice; he observed the defendant when cigarettes were ordered and when he returned with them; he was about three feet from the defendant when he was asked to check the radiator, and he looked at the defendant for a few minutes after giving him the money. These circumstances afforded him ample opportunity to identify the defendant.

The fact that the police informed him that the man whose picture he had picked out would be in the lineup does not seriously impeach the credibility of his identification. The police did not try to influence him by again showing him the photograph; he was not told that the man in the photograph he had seen was the robber or that

the robber would be in the lineup. Of course, the very fact that he was asked to come to a showup might cause him to think, as it would anyone else, that the police had arrested a man who they believed might be the robber. But such an indirect suggestion is unavoidable. Robinson was not stampeded into an identification; the evidence shows that he was careful before making the identification and he explained the time he took by saying he "wanted to be sure." His explanation that he failed to identify the defendant's photograph with certainty because of the blurriness of the picture was credible and again shows the caution he exercised in making his identification. The trial court did not err in holding that the evidence proved beyond a reasonable doubt that the defendant was the robber.

The defendant's contention is that if the case is not reversed because of a reasonable doubt as to his identification, then it should be reversed and remanded because of trial errors. The first of these is that the court erred in allowing a witness to testify who had been present in the courtroom during the testimony of the defendant in violation of the court's order excluding witnesses. The last witness for the State was a policeman who had been present at the showup. After the officer finished testifying he remained in the courtroom. The defendant, who was the only witness in his own behalf, testified next and after he left the stand the State was allowed, over objection, to recall the officer in rebuttal. He repeated his earlier testimony about five men being in the lineup. He also testified that the other men in the lineup were not permitted to leave until after the defendant was identified, and that he did not hear the defendant ask Robinson to look him in the eye.

■■■■ The decision whether to allow a witness to testify in violation of an order excluding witnesses is within the discretion of the trial judge, and unless there

has been a clear abuse of discretion the court's decision will not be disturbed. People v. Nelson, 33 Ill2d 48, 210 NE2d 212 (1965). In our opinion the trial judge did not abuse his discretion in this case.

██ The defendant complains that he was denied a fair trial by the failure of the court to require notes of a statement taken from Robinson to be produced for use by defense counsel for impeachment purposes. More precisely the defendant's contentions focus on the procedure to be followed when the prosecution denies it has in its possession a written statement of a State's witness which has been shown to exist. Cross-examination of Robinson established that he gave an oral statement to the policeman who responded to his telephone call. The officer took written notes of his statement, read the notes back to him and was told the statement was correct. Robinson was not asked to sign the statement. When defense counsel asked if he might see the handwritten notes, the State's Attorney showed him and the trial judge two typewritten documents, a report of the robbery dated January 26, 1964, and an investigator's report dated March 9, 1964, and said that the only statement by Robinson which he had was the typed police report. Defense counsel stated that neither document was the handwritten notes made by the officer and then began to question Robinson on his description of the defendant. He did not ask that the prosecution be directed to produce the police file so that he could examine it, and he did not ask the court to procure the file and examine it to determine whether it contained the original notes.

██ The defendant does not challenge the veracity of the State's Attorney's avowal that he did not have the police notes in his possession; rather, he contends that where a substantially verbatim statement of a complaining witness has been shown to exist and has been traced into the hands of the police, the court must require the

police to produce the statement or explain its absence. He suggests that if the court is not required to do so, a defendant will not be able to obtain evidence with which to impeach the complaining witness, and cites People v. Edmunds, 30 Ill2d 538, 198 NE2d 313 (1964), and People v. Wright, 30 Ill2d 519, 198 NE2d 316 (1964) as supporting his position.

Neither case is directly on point. In Edmunds the defendant on cross-examination inquired of the complaining witness whether she made a statement to the police. An objection to the question was sustained. The defendant demanded the statement be produced. The State's Attorney advised the court that he had no such statement and the demand was denied. Subsequent cross-examination of a police officer adduced the fact that the police had taken a statement from the complaining witness. On appeal the State did not deny the existence of the statement, but urged that the court's denial of the demand was proper because the defendant failed to show the statement was signed or adopted by the complaining witness. The Supreme Court held that it was improper for the State to object to the questioning which would establish the foundation for the production of the statement and then to justify the denial of production by the absence of foundation. The case was reversed and remanded so that the defendant could have the opportunity of ascertaining whether a statement was available for impeachment purposes. In the Wright case the defendant before trial subpoenaed a police department file and the file was produced in court. The complaining witness testified that she had given a signed statement to the police. The State's Attorney denied that he had such a statement in his possession but objected to allowing defense counsel to look through the police file. The court denied the defendant's motion to inspect the police file because no foundation for impeachment had been laid and because

it was not shown that the documents in the file were material. On appeal the court stated that as the case then stood neither the prosecution, the defense, the trial court or the Supreme Court knew whether the police file contained a statement by the complaining witness, and that the interests of justice required a resolution of this question. However, the judgment of conviction was not reversed because of the failure of the trial court to inspect the file; in fact the court stated that absent a defense request that the trial court examine the file the court was under no duty to undertake such examination. The case was remanded with directions to the trial court to examine the file; if it contained a statement qualified for impeachment purposes, the trial court was to vacate the judgment and grant a new trial; but if examination of the file disclosed no such statement, the trial court was to make a finding of fact to that effect and enter a new final judgment of conviction. Contrary to what is urged in the case at bar, the Supreme Court did not direct the trial court, in the event the signed statement was not in the file, to compel the police to produce the statement or explain its absence.

There was no evidence in the present case impugning the good faith of the prosecution's denial of possession of the original notes, and no demand for discovery of the notes from the police file was made; in these circumstances it was not incumbent upon the trial judge to determine what became of the notes. Moreover, Robinson had made no statement which was typewritten and he had signed none. The typewritten statement which the prosecutor produced bore the date of the robbery, which was the same date the handwritten notes were made. It is a reasonable inference that the typed statement was a reproduction of the original notes.

The defendant's last point is that the failure of the State to give defense counsel prior notice of the defend-

ant's "confession by silence" rendered testimony with respect to that "confession" inadmissible. This contention is based upon § 114–10 of the Code of Criminal Procedure:

"(a) On motion of a defendant in any criminal case made prior to trial the court shall order the State to furnish the defendant with a copy of any written confession made to any law enforcement officer of this State or any other State and a list of the witnesses to its making and acknowledgment. If the defendant has made an oral confession a list of the witnesses to its making shall be furnished.

". . .

"(c) No such confession shall be received in evidence which has not been furnished in compliance with subsection (a) of this Section. . . ." (Ill Rev Stats, c 38, § 114–10a(a) and (c) (1963).)

Robinson testified that at the lineup he accused the defendant of being the man who robbed him, and that the defendant remained silent. The defendant urges that his "confession by silence" is an oral confession within the meaning of the statute, that is, that though the words of confession were spoken by Robinson they were attributed to the defendant by his silence, making his conduct an oral confession.

 The Committee Comments to § 114–10 (Smith-Hurd Annotated Statutes, c 38) make clear that the section distinguishes between admissions and confessions, applying only to the latter. An admission is a statement made out of court by a party and may take either the form of uttered words or the form of conduct from which is inferred a belief of the party. A confession is in admission consisting of an acknowledgment in express words by the accused in a criminal case of the truth of the main fact charged against him or of some fact essential

481

to the charge. People v. Stanton, 16 Ill2d 459, 158 NE2d 47 (1959); 4 Wigmore, Evidence §§ 1050 and 1052 (1940); McCormick, Evidence § 113 (1954).

■ ■ When an accusation is made by a complaining witness under circumstances which would naturally call for contradiction or reply, evidence of the accusation and of the silence of the person accused is admissible; the failure of the accused to speak is circumstantial evidence which gives rise to an inference that he believes the truth of the accusation. (People v. Homer, 8 Ill2d 268, 133 NE2d 284 (1956); McCormick, Evidence § 247 (1954).) In other words, the conduct of the accused is an admission: evidence from which is inferred his belief in the truth of the accusation. Consequently, whether the defendant's conduct is denominated a "confession by silence" or an admission, it was not a confession within the provisions of § 114–10 because it was not a direct statement by the accused of his participation in the crime. The evidence of the defendant's silence in the face of Robinson's accusation was properly admitted.

The judgment of the Criminal Division of the Circuit Court is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.