**People of the State of Illinois, Appellee, v. Jackie Campbell, Appellant.**

**Gen. No. 52,941.**

First District, Fourth Division.

July 23, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant was charged with the crime of armed robbery, in violation of Ill Rev Stats 1965, c 38, § 18–2. After a bench trial, he was found guilty and sentenced to the penitentiary for a term of 3 to 5 years. Defendant appeals, contending that his constitutional right to a jury trial was not understandingly waived, and that, because the identification was unsatisfactory, he was not proved guilty beyond a reasonable doubt.

Irene Garrison testified that she was the building manager of the premises located at 6263 South Harper Avenue, Chicago, and was so employed on March 1, 1967, at about 11:15 a. m. One of the tenants, Irene Gray, came down to pay her rent, and three people, two men and a woman, followed her. One of the trio was defendant. After Mrs. Gray paid her rent they all left, but the three returned. Defendant asked complainant if she had any vacancies in the building, and she replied that she had none. She spoke to the defendant from inside an apartment with the door ajar and chained. Defendant then kicked the door in, and knocked her to a chair. The couple accompanying defendant dragged her to the kitchen, gagged her and tied her hands, and started beating her. They took $200 from her. Defendant, who was armed with a knife, also took a ring from her finger and gave it to the woman with him. The woman companion told defendant to cut the witness's finger off. The witness sustained injuries to her face and shoulder as a result of the beating. The entire occurrence took about 25 minutes. She had never seen defendant prior to the robbery. She learned from the police officer that defendant was related to the tenant, Irene Gray, but she had not discussed the crime with Irene Gray. She first identified defendant from a photograph brought to her by the police officer. She testified on cross-examination that the officer brought 3 or 4 pictures of the same man. On

May 17, 1967, the complainant testified at a preliminary hearing, and identified defendant as one of her assailants.

Officer William Mines of the Chicago Police Department testified that he investigated the robbery and first saw the complainant on the date of the occurrence. At that time she was bruised about the face, her eyes were puffed, closed and blackened; her arm was bruised; and she had a large clump of hair pulled from her head. She did not know the names of her assailants. On the following day he brought a group of 6 or 7 photographs to complainant. One of the pictures was of defendant. The witness testified that Mrs. Garrison identified defendant as one of the robbers.

On cross-examination the officer testified that the reason he brought a photograph of defendant to the complainant was because his name was given to the witness by Irene Gray. He was not sure whether Irene Gray was there when he brought the pictures to the complainant. After Mrs. Garrison viewed the photographs and made an identification of Jackie Campbell, Irene Gray came into the apartment. At that time she stated that she knew Jackie Campbell as her ex-brother-in-law and that he was one of the three who had been in the apartment and was one of the offenders. The officer brought complainant and Irene Gray to headquarters to view photos, and had driven complainant alone to get a warrant and to the preliminary hearing.

For the defense, Joseph Campbell, defendant's brother, testified that Irene Gray told him that as far as she knew, Mrs. Garrison could not identify defendant as one of the robbers.

Defendant first contends that his constitutional right to a jury trial was not understandingly waived.

On December 14, 1967, the date of trial, counsel for defendant stated that he had conferred with defendant regarding his right to a jury trial, and that he wished the court to explain further to defendant about that

right. At that point defendant indicated that he would like another discussion with his attorney in order to get his attorney's opinion. Defense counsel then requested and was granted a recess to again discuss defendant's right to a jury trial. After the recess defendant announced that on advice of his attorney he wanted a bench trial. He also informed the court that he understood what a jury trial was. The court again informed defendant that he was entitled to a jury trial unless he waived it. The court instructed counsel for defendant to read aloud the jury waiver form. After the reading of the form, defendant again stated that he understood, and signed the jury waiver.

The Criminal Code, Ill Rev Stats 1965, c 38, § 103–6 provides as follows:

> "Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by defendant in open court."

In People v. Wesley, 30 Ill2d 131, 195 NE2d 708 (1964), our Supreme Court stated at p 133 that:

> "There is no specific or defined formula which the trier of fact is to follow, or from which to judge whether a waiver is understandingly made, and we believe of necessity that the determination must rest upon the facts of each particular case."

■ In the instant case, the record not only reveals that counsel and the court repeatedly explained to defendant his right to a jury trial, but it also discloses that the defendant by his statements and responses to the court's questions clearly understood his rights and had been well informed of the differences between a jury and a bench trial. Nowhere in the record is there any expression by defendant which would suggest confusion or lack of understanding. While he may have followed the advice of his counsel in waiving the jury trial, it is evi-

dent that defendant made his own decision in so doing. We find that defendant knowingly waived his right to a trial by jury.

Defendant next contends that he was not proved guilty beyond a reasonable doubt because the identification made by the complainant was unsatisfactory, vague and invalid. He argues that the identification was insufficient to support a conviction.

 One of the essential points which the State must prove beyond a reasonable doubt is the identity of the accused as the one who committed the crime charged. People v. Gold, 361 Ill 23, 196 NE 729 (1935); People v. Dante, 35 Ill2d 538, 221 NE2d 409 (1966). But "where the only question is one of identification, . . . the testimony of one credible witness, if positive, is sufficient to convict, . . . and where a case is tried by the court without a jury, the determination of the credibility of the witnesses and the weight to be accorded their testimony is committed to the trial judge, and unless the judgment is found to rest on doubtful, improbable or unsatisfactory evidence or clearly insufficient evidence, a reviewing court will not substitute its judgment for that of the court below." People v. Garrett, 82 Ill App2d 192, 200, 226 NE2d 429 (1967). In weighing the evidence of identification, the surrounding circumstances, together with the probability or improbability of an adequate opportunity for definite observation must be considered. People v. Marshall, 74 Ill App2d 472, 221 NE2d 128 (1966).

The testimony of Mrs. Garrison, who had an adequate opportunity to observe defendant for nearly a half hour in the daytime, was clear and positive. She testified that it was defendant with whom she had a conversation through the partially opened door; that it was he who kicked the door in, first entered and knocked her into a chair; and that it was he who took the ring from her finger.

There were no internal discrepancies in complainant's testimony. The only discrepancy in the State's case involved her testimony and that of the police officer concerning the pictures. She testified that the officer showed her 3 or 4 pictures of the same man, while he testified that she selected defendant's picture from photos of several men. Defendant does not argue that the pretrial procedure involving the photographs was so suggestive as to render the in-court identification inadmissible. See Stovall v. Denno, 388 US 293 (1967). And we do not believe that such a discrepancy discredits complainant's testimony or affects her identification of defendant.

During cross-examination, the police officer was asked, referring to his conversation with the complainant on the date of the robbery, whether the complainant stated: "I was robbed by Jackie Campbell." The officer answered: "No." From that answer defendant attempts to argue that complainant was unable to identify defendant. Such an argument is untenable. The answer indicated only that complainant did not know the names of any of her assailants at that time.

■ ■ While we agree with defendant that the testimony of the police officer that the complainant identified defendant was hearsay, and therefore inadmissible if timely objection were made, this court has held recently that the introduction of such testimony under similar circumstances constituted harmless error. People v. Smith, 105 Ill App2d 8, 245 NE2d 23 (1969); People v. James, 109 Ill App2d 328, 248 NE2d 777 (1969). In the instant case, the officer's testimony was merely cumulative, and we do not believe it to have been prejudicial. It should also be noted that defendant made no objection to the officer's testimony.

■ The officer testified that he inserted defendant's picture in the group shown to the complainant because Irene Gray had told him that defendant was her ex-

brother-in-law and that he was one of the three who had been in the apartment and was one of the robbers. While the testimony concerning his conversation with Irene Gray constituted hearsay evidence, the testimony was elicited by defendant on cross-examination. Since it was adduced by defendant, he cannot now complain that it was inadmissible.

The hearsay testimony allowed into evidence at trial was introduced either without objection or on behalf of defendant. In this trial, its admission into evidence was not prejudicial error. Moreover, the testimony of the complainant was credible. Her identification of the defendant was clear and positive, and was sufficient to support the conviction.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.