### STATE v. VARI.

1. SUPREME COURT—JURISDICTION—PROOF OF VENUE.—Whether the venue charged in an indictment has been proved is a question of fact of which this court has no jurisdiction on appeal from the judgment based upon a verdict of guilty.

2. VENUE—TESTIMONY BY JUROR.—Permitting one of the jurors to be called to the witness stand at the close of the testimony for the State, to prove that the place at which the crime was said to have been committed was in the county of the trial, as charged in the indictment, and then to return to the jury box and pass upon the case, was not error.

3. SEPARATION OF WITNESSES.—The fact that there had been an order excluding the witnesses from the court room during the trial, did not prevent the State from calling this juror, when the necessity arose, to prove the fact of venue, a fact having no connection with the other facts in evidence.

Before NORTON, J., Berkeley, February, 1891.

This was an indictment against Sullivan Vari for grand larceny. The opinion states the case.

Mr. *J. W. Polite*, for appellant.

Mr. *Jervey*, solicitor, contra.

January 23, 1892. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The defendant was indicted for "grand larceny" in stealing sixty dollars from one Frank Carielle "at Magnolia Mines, in the County of Berkeley." The witnesses were all Italians recently arrived in the country. They testified through an interpreter, and were unacquainted with the county lines, &c. There was an order separating the witnesses during the trial. As the solicitor was about to rest his case, he remembered that he had not proved the venue, and he asked permission to call C. P. Winters, who was on the jury, to prove that the Magnolia Mines were in Berkeley County. The permission was given, and Mr. Winters, being sworn, proved that he resided at Drayton Hall, near the Magnolia Mines, and that they were in Berkeley County. He then resumed his seat on the jury, and they found the defendant "guilty."

The appeal comes to this court upon the grounds: "1. Because his honor erred in refusing a new trial. 2. Because there was no proof that the money charged to be stolen was taken from Magnolia Mines. It is therefore submitted that his honor erred in not so holding. 3. Because to prove that Pinckney's Mine and Magnolia Mines are in Berkeley County, without proving that the money was taken from either of said Mines, was a fatal failure of proof of venue, and his honor erred in not so ruling. 4. Because one C. P. Winters was sworn and empannelled as a juror to try the case against the defendant, and having heard these witnesses on the part of the State, was called by the solicitor from the jury box and sworn as a witness for the State, and was then allowed to return to the jury box and joined as a juror in finding the verdict; and it is alleged that this was contrary to law and the rules of evidence. 5. Because before taking the testimony, the judge ordered the witnesses to be excluded from the court room during the hearing of the testimony, and to remain without until called. It is charged that Winters did not leave

the court room, and therefore in a sense of justice he was disqualified as a witness in the case, and his honor erred in not so holding."

Exceptions 2 and 3 relate to alleged deficiency of proof as to the place where, as alleged, the money was stolen. That was a matter of fact, of which this court has no jurisdiction. "It is the right of the jury to pass upon the evidence submitted, as to whether or not the venue has been proved, and to arrive at a conclusion. Such evidence might be associated with any facts within their own knowledge." *State v. Dent*, 6 S. C., 383; *State v. Williams*, 3 Hill, 91; *State v. Shirer*, 20 S. C., 392; *State* v. *Penny*, 19 *Id.*, 218.

The 4th and 5th exceptions charge error on the part of the Circuit Judge in allowing the juror Winters to be called and sworn as a witness to prove that the mines where the parties worked were in Berkeley County, and then return to his seat on the jury. It is certainly not to be commended as a general practice to call a juror from the box to testify in the trial of a case then being heard; but it seems that there are certain cases where that will not be regarded as sufficient to set aside a verdict, and notably in those cases where the juror is not called to testify as to the general facts and circumstances which constitute the alleged offence, but only as to some isolated particular matter, such as "value" or "venue."

In *Rex* v. *Rosser* (7 Carr. & P., 648), it was held that "where, in a criminal prosecution, it is essential to prove the particular *value* of an article, the jury may use the general knowledge which any man can bring to the subject; but if any of the jurors have a *particular knowledge* on the subject, arising from his being in the trade, he ought to be sworn and examined as a witness." See Greenl. Evid., § 384 (n). Mr. Wharton says that "a juror, who has knowledge of any particular fact, must give notice, so that he may be sworn and examined. * * * Although each juryman may apply to the subject before him that general knowledge which any man may be supposed to have, yet if he be personally acquainted with any particular material fact, he is not permitted to mention the circumstances privately to his fellows, but he must submit to be publicly sworn and examined, though there.

is no necessity for his leaving the box or declining to interfere in the verdict." 1 Whart. Evid., § 602, and authorities.

Nor do we think it can alter the result in this case, that there was an order excluding the witnesses from the court room during the hearing of the testimony. That undoubtedly is a very good general rule of practice, but there are cases in which a failure on the part of the witness to leave the room should not be allowed to deprive a party of the testimony of his witnesses. As stated by Chief Justice O'Neall, in an anonymous case (1st Hill, 251): "The object of separating witnesses is to afford means of discovering discrepancies in the different accounts, which (if not true) the witnesses will give of the same transaction. * * * The violations of the order complained of in this case appear to have been accidental and unintentional, and ought not, in the exercise of a sound discretion which this court has the right to exercise in applying a rule of practice, to deprive the party of the testimony of his witnesses." So in this case. The matter to which the juror was called to testify was *one single fact*, entirely unconnected with the other facts and circumstances of the case—the boundary of Berkeley County at a particular point—about which there could not be two opinions. And, besides, the necessity for the juror's testimony never arose until the last moment, and not knowing that he would be called, his failure to leave the court room was purely "accidental and unintentional."

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and the appeal dismissed.