16700

STATE v. VAREEN

(74 S. E. (2d) 223)

Mr. *John Grimball*, of Columbia, *for Appellant,*

*Mr. T. Pou Taylor, Solicitor,* of Columbia, *for Respondent.*

January 8, 1953.

STUKES, Justice.

The appellant was convicted in the Court of General Sessions for Richland County upon an indictment which contained two counts, namely, larceny and privily stealing from the person, which latter is defined by section 1147 of the Code of 1942. There was motion for directed verdict of not guilty and one of the questions on appeal involves the sufficiency of the evidence to sustain the verdict; and the other question relates particularly to venue, the contention being that the evidence was not susceptible of reasonable inference that the crimes were committed in Richland County.

However, the questions were not seriously argued with respect to the larceny count. It is well-settled that one may be indicted for larceny in the county where he commits a theft or in that to which he takes the stolen goods. *State v. Bryant,* 9 Rich. 113. The principle has also been extended by this court to cover the case of property stolen in another State and brought to this. *State v. Hill,* 19 S. C. 435, opinion by Justice McIver. See *State v. McCann,* 167 S. C. 393, 166 S. E. 411.

Conceding for the purpose of this decision only, and without deciding, the soundness of appellant's contention that the statutory crime of privily stealing from the person is unlike larceny, not of its continuing nature, is complete at the time of taking and the accused must be indicted in the county thereof, *State v. McCoy,* 98 S. C. 133, 82 S. E. 280, it is unavailing to him under the evidence which will be stated. Incidentally, the jury were instructed, in substance, in accord with appellant's foregoing contention, and upon the request of his trial counsel. The issue was thus submitted in

conformity with the contention, and concluded adversely to appellant by the verdict of guilty.

The prosecuting witness was an army enlisted man who was stationed at Fort Jackson, near the city of Columbia in Richland County. He engaged appellant, who was the driver of a taxicab, to transport him in and about the city on the night of October 24, 1951. He was drinking and "passed out" in the cab and next came to his senses across the Congaree River bridge, which is at the foot of Gervais Street in the city. Missing his money, which was upwards of $200.00, he called the criminal investigation office at the Fort which resulted in the arrest of appellant by city officers at about 2:00 A. M. on the same night. Appellant was identified by the prosecutor which was made certain by the finding of a memorandum of addresses which the prosecutor left in the cab. Upon arrest, appellant denied to the officers that he had any money in his possession except a comparatively small amount which he said belonged to the cab company, and handed it over. However, upon search of him by the officers, $190.00 in currency was found in his sock which he then contended was his money which he said he was saving to obtain a divorce from his wife, from whom he was separated.

The prosecutor admitted in his testimony that during the latter part of his ride in the cab of appellant he was intoxicated to the extent of unconsciousness and he was unable to say whether the money was taken from him before or after the cab crossed the river (by way of the Gervais Street bridge) which separates Richland and Lexington Counties. However, the army criminal investigator testified that on November 2, 1951, about a week after the arrest of appellant and the finding of the money in his sock, he talked to him at the county jail in the presence of Deputy Sheriff Brown and appellant admitted that he took $162.00 from the prosecutor, added $28.00 of his own, making the $190.00 which was found in his sock. The following is quoted from the testimony of this State's witness: "Mr. Brown asked

him where he had taken the money, and he said he had taken it before he got to the bridge; that after leaving the Roadside Inn, on Farrow Road, that he was headed for the bridge, and took it before he reached the bridge."

On October 25, before the foregoing confession which was really a repetition, appellant admitted his guilt under questioning by Deputy Brown who testified that appellant said that he took the prosecutor as a passenger in his cab from the Fort to the Roadside Inn on Farrow Road, then, quoting from the testimony of the deputy, "They left there and headed across town, and he says in the time they left the Roadside Inn, somewhere between the Roadside Inn and the river bridge, that the soldier had placed some cash money up in his coat pocket. He said the soldier wasn't dressed in uniform, but was dressed in a sport coat and civilian clothes, and he said he reached over—that the soldier went to sleep —and he removed the money from the coat pocket which was in view."

Appellant further told the deputy at this time that he heard of the investigation over his radio, stopped under a street light, counted and found the money to be $162.00, to which he added from his own funds to make $190.00 which he placed in his sock. The deputy further testified to the later confession by appellant to the army investigator, in the presence of the witness, which is related above.

There was no contention at the trial or in the argument on appeal as to the admissibility of the confessions, although the appellant took the stand and denied the truth of them, or any contention that they were involuntary or improperly induced or extorted.

Counsel for appellant frankly said in oral argument that the court should take notice of the location of the Gervais Street bridge and that the river which it spans is the boundary between Richland and Lexington Counties; he further admitted, upon questioning, that Farrow Road is in Richland but he added that such was not

established by the evidence. The quoted confessions were to the clear effect that the theft was committed in Richland County—clearer even than is required by the rule of the decisions which is stated in *City of Florence v. Berry*, 61 S. C. 237, 39 S. E. 389, opinion again by Justice McIver. The pertinent syllabus of the reported decision in the State Reporter is, "The Venue need not necessarily be proved affirmativly, but may be inferred from the evidence or from facts known to the jurors." And in the Southeastern Reporter: "It is not necessary, in a criminal case, that the venue should be proved affirmatively, if there is sufficient evidence from which it can be inferred." These syllabi are accurate as is seen from the following quotation from the opinion of the court:

"The fourth exception makes the point that, in the case against the appellant Berry, there was no proof of the venue, as to the charge of selling whisky to J. S. Dale. The testimony was that the witness bought the whisky from Berry, 'back of Mr. Stackley's place of business, near a pump in a room.' If the jury knew that the place indicated was within the lines of Florence county, and within the corporate limits of the city of Florence that would be sufficient proof of the venue. *State v. Williams*, 3 Hill, Law, 91, was a case very much like the present; for the testimony was that the liquor was bought at defendant's store, without stating where the store was situated. The circuit judge charged the jury that 'whether the defendant's store was within Marion district or out of it was an inference of fact for them to decide; that it was not indispensably necessary for the witness to have said, in so many words, "It is within the district;" if the truth were so it is enough; and, if the jury knew the place described to be within the district, that was enough.' This charge was approved by the court of appeals in express terms. This case was recognized and followed in the case of *State v. Dent*, 6 S. C. 383, in a case of murder. To the same effect, see *State v. Vari*, 35 S. C. 175, 14 S. E. 392. The fourth exception is overruled."

The exceptions are overruled and the judgment affirmed.

BAKER, C. J., TAYLOR and OXNER, JJ., and JAMES B. PRUITT, A. A. J., concur.