## 19093

The STATE, Respondent, v. Charlie DEWITT, Jr., Appellant
(176 S. E. (2d) 143)

*Messrs. Otis Carter,* of Bamberg, and *Holland Smith,* of Hampton, *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General,* and *C. Pinckney Roberts, Assistant Attorney General,* of Columbia, and *L. A. Williamson, Solicitor,* of Aiken,

August 5, 1970.

LEWIS, Justice.

Appellant was convicted of grand larceny in the Court of General Sessions for Bamberg County. The subject of the larceny was a John Deere grain drill, the property of one Carroll Hiers. The grain drill was taken from the farm of Mr. Hiers in Bamberg County on September 27th or 28th, 1968 and subsequently found on November 22, 1968, about two months later, in the possession of appellant on his farm in Hampton County, about twenty miles away. There was no direct evidence of the identity of the thief and the State relied upon the principle that one found in the possession of recently stolen goods is presumed to have stolen them. Appellant submits three questions for determination, to wit:

(1) Was the evidence, under the foregoing presumption, sufficient to sustain conviction;

(2) Was Bamberg County the proper venue; and

(3) Was the verdict of the jury influenced by passion and prejudice?

It is undisputed that the property involved was stolen from the owner and found in the possession of appellant about two months later. Appellant contends however that the evidence was insufficient to support an inference of guilt in this case because (1) the explanation by appellant of his possession completely rebutted the inference and (2) the discovery of the goods in his possession two months later did not satisfy the requirement that they be *recently* stolen.

The principle has long been recognized in this State that, where one is found in possession of recently stolen property, a rebuttable inference or presumption of fact arises that he is the thief. *State v. Roof,* 196 S. C. 204, 12 S. E. (2d) 705.

The foregoing inference is one of fact and not of law. It is evidentiary in nature and not conclusive. Upon the proof of possession of recently stolen goods, the law permits the inference of guilt unless the jury finds a reasonable explanation of such possession from all of the evidence presented at the trial. As stated in *Roof, supra,* "this presumption is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt."

Some of our cases contain the statement that the burden is upon a defendant to explain how he came into possession of recently stolen goods and has resulted in instructions to the jury to that effect. We do not think such an instruction entirely correct. First, it is susceptible, standing alone, of the construction that the defendant is personally required to give explanatory testimony at the trial to overcome the inference of guilt. He, of course, may testify, but is not required to do so. In addition, if the instruction is given that such burden is upon the defendant, the inference of guilt might be regarded as conclusive in the absence of an explanation by him. As previously pointed out, the presumption may authorize a conviction, but such result is not required. The presumption or inference of guilt from possession of recently stolen goods is simply an evidentiary fact to be taken into consideration by the jury, along with the other evidence in the case, and to be given such weight as the jury determines it should receive.

We therefore suggest to the trial bench that, regardless of prior statements in our decisions indicating to the contrary, the jury should *not* be instructed that

the burden or duty is upon a defendant to explain possession in such cases, lest the jury draw the conclusion that either (1) a defendant is required to personally give explanatory testimony or (2), in the absence of explanation by the defendant, the inference is to be considered conclusive of guilt. The force and weight to be accorded the inference should be left to the jury to determine under all of the facts and circumstances in evidence, the burden resting upon the State throughout the trial to prove guilt beyond a reasonable doubt.

Reliance by appellant upon the Florida case of *Young v. State,* Fla. App. 203 So. (2d) 650, is misplaced. The differences in the Florida rule and that in force in this State make the principle announced in *Young* inapplicable. See article in 20 S. C. L. R. 457.

Appellant contends that the evidence showed a reasonable explanation of his possession and that the inference of guilt was thereby conclusively rebutted. When the officers found the grain drill in appellant's possession, they informed him that it was stolen property and also understandingly explained to him his right to counsel and to remain silent. He thereafter told them that he had purchased it, along with a tractor cultivator attachment and a disc harrow, on October 2, 1968, from a Negro man whom he had seen transacting business with his father on numerous occasions and with whom appellant had dealt once or twice. Although appellant claimed to have been acquainted with the Negro man for a long time, he did not know his name and, after ample opportunity to do so, could never produce him. He said that he paid $275.00 for the grain drill, cultivator, and disc harrow. It is inferable that one of the other items was stolen property and that the amount allegedly paid was considerably less than their value. He stated that he paid for the equipment in cash and did not receive a bill of sale or a receipt for the cash paid. The officers were told that the unknown Negro man brought the equipment to appellant's home in the daytime, driving a two-ton, black, Chevrolet

truck, with one of the items loaded and the other two pulled behind. Appellant further informed the officers that the Negro man lived in a community about fourteen miles away, but investigation failed to reveal either the Negro man or a similar truck in the designated community.

The case was tried on February 19, 1969, approximately three months after appellant's arrest on the charge of larceny. He testified at the trial and gave practically the same explanation of his possession as was given to the officers when they first located the property. In addition, a witness was produced who corroborated appellant's statement that he had purchased the property from a Negro man on October 2, 1968.

Upon the entire record, the reasonableness of the explanation of appellant's possession was a factual issue. The explanation given by defendant that he purchased the property from a long-time acquaintance whose name or residence was unknown, no doubt, and understandably, overtaxed the capacity of the jury to accept.

It is also argued that there was insufficient showing of the recency of the theft.

> In order to sustain an inference of guilt from the possession of stolen property, it must be shown that it was recently stolen.

The general principles, supported by our decisions, which govern the application of the test of recency are thus stated in 50 Am. Jur. (2d), Larceny, Section 162:

"The term 'recent,' when used in connection with recently stolen goods, is a relative term incapable of exact definition. Except perhaps in extreme cases, no definite time can be fixed as to when, as a matter of law, possession is or is not recent. What is 'recent' possession varies, within a limited range, with the conditions and the surrounding circumstances of each case, and is, within such range, ordinarily to be determined by the jury upon the facts of the particular case. The test of recency is whether the interval

is so short as to render it morally or reasonably certain that there could have been no intermediate change of possession. In determining this question, the particular period of time involved is an important element to, be considered, but it is not the only one; the circumstances and character of the goods, their salability, and whether they are cumbersome or easily portable, are also among the factors to be considered. Ordinarily, however, the weight of such evidence will be stronger or weaker in proportion to the period intervening between the taking and the finding in the possession of the defendant, and while such evidence is a circumstance tending to incriminate the accused, even though considerable time has elapsed, it may be rendered of no weight whatever by the lapse of sufficient time as to make it not improbable that the goods may have been stolen by another and passed to the accused."

See: *State v. Lyles,* 211 S. C. 334, 45 S. E. (2d) 181.

Two months elapsed between the theft and the discovery of the stolen goods in appellant's possession.

He testified that he acquired possession of the property on October 2, 1968, five days after the theft, and that it remained in his exclusive possession until found on his farm by the officers on November 22, 1968. The property involved consisted of a tractor drawn grain drill, approximately fifteen feet wide and seven or eight feet long. Appellant was a farmer and was using the grain drill when it was found in his possession, in another county approximately twenty miles away from where it was stolen. It was reasonably inferable that the property was stolen for use instead of for sale and had thus remained continuously in appellant's possession. Under all of the facts and circumstances, we think the question of whether the property was recently stolen was a jury issue. *State v. Bennet,* 2 Tread. Cinst. 692, (Same case: 3 Brev. 514).

Appellant next contends that venue was improperly laid in Bamberg County, since the property was found in his possession in Hampton County. There

is no merit in the contention. Appellant was indicted and convicted as the principal in the larceny. The theft took place in Bamberg County and the property was carried to Hampton County. "It is well settled that one may be indicted for larceny in the county where he commits a theft or in that to which he takes the stolen goods." *State v. Vareen,* 223 S. C. 34, 74 S. E. (2d) 223. The court in either Bamberg or Hampton County had jurisdiction of the offense which could be prosecuted in either county at the election of the State.

Finally, appellant contends that the verdict of the jury was the result of bias and prejudice because (1) the "jury's conscience was worrying them" for having previously acquitted another defendant in a highway robbery case and (2) the jury only deliberated fifteen minutes before returning a verdict finding appellant guilty.

There is no factual basis in the record for the contention that the result of a prior case affected in any way the present verdict and therefore the claim of bias and prejudice upon that ground is without merit.

The only factual showing with reference to the brevity of the jury's deliberations is found in the Statement of the case. It contains only a recital that "after deliberating 15 minutes, the jury returned a verdict of guilty."

There is no prescribed length of time for a jury to reach a verdict. Such must of necessity be left to the judgment of the jury. Something more must appear, therefore, to warrant interference with a jury's verdict than the mere brevity of their deliberations. 23A C. J. S. Criminal Law § 1368, at page 976. We find nothing in the record to indicate that the verdict in this case was the result of bias or prejudice.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.