20480

The STATE, Respondent, v. Jerry SUMNER, Appellant.
(236 S. E. (2d) 815)

*J. S. Flynn,* of Union, *for Appellant,*

*Daniel R. McLeod, Atty. Gen.,* of Columbia, and *Mike S. Jolly, Sol.,* of Union, *for Respondent.*

August 4, 1977.

NESS, Justice:

The appellant was tried and found guilty of grand larceny. Seeking reversal, he contends that the trial judge erred in charging that it was encumbent upon him to prove or explain his alleged possession. We agree and reverse. He also asserts error in the trial court permitting cross examination of a prior conviction, the remoteness of the alleged possession, and the insufficiency of the evidence.

■■ The trial judge charged the jury as follows:

"Whenever the property of one man which has been recently stolen from him, without his knowledge or consent, is found in the possession of another, it is encumbent upon the other to prove or explain how he came by it or otherwise the presumption is that he obtained it feloniously or that he is the thief. Now, of course, Mr. Foreman and ladies and gentlemen of the jury, that does not remove the requirement from the shoulders of the State, so to speak, to prove the guilt of the accused beyond a reasonable doubt, but it is up to you to take all of the facts and circumstances into consideration when you view the entire picture and determine the guilt or innocence of the accused based on all of the law and the facts involved in the case." Transcript page 30.

This instruction which is challenged by the appellant, like the one discussed in *State v. Dewitt,* 254 S. C. 527, 176 S. E. (2d) 143 (1970), is not only confusing but is subject to interpretation that the burden was on the defendant (appellant) to rebut the presumption of his guilt whereas:

"[t]he presumption or inference of guilt from possession of recently stolen goods is simply an evidentiary fact . . ." *State v. Dewitt,* 254 S. C. at 530, 176 S. E. (2d) at 145.

We are of the opinion that the instruction, in the instant case, may have weighed too heavily against the appellant.

It is subject to interpretation that the burden shifted from the State to the appellant whereas the burden of all elements of the case remained on the State. As we stated in *State v. Attardo,* 263 S. C. 546, 211 S. E. (2d) 868 (1975).

"The accused was still presumed to be innocent. He was entitled to have his guilt or innocence determined without the onus of the burden of proof being placed upon him." 263 S. C. at 554, 211 S. E. (2d) at 871.

The doctrine of possession of recently stolen property and the guiding principles are explained with care and precision by Chief Justice Lewis in *State v. Dewitt, supra.* We again call it to the attention of the bench and the bar.

We deem it unnecessary to discuss appellant's remaining exceptions other than they are without merit.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.