20702

The STATE, Respondent, v. Houston GAINES, Appellant.

(244 S. E. (2d) 539)

*Stephen J. Henry,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes* and *Staff Atty. Kay G. Crowe,* Columbia, and *Solicitor William W. Wilkins, Jr.,* Greenville, *for respondent.*

May 24, 1978.

NESS, Justice:

Appellant Houston Gaines was found guilty of receiving stolen goods and sentenced to three years imprisonment. We reverse.

Appellant excepts to portions of the assistant solicitor's closing argument where he referred to certain statements implicating appellant in the crime. The statements allegedly were made by juveniles during investigation and were not introduced into evidence. The assistant solicitor stated:

"If you've ever thought how they solve housebreakings, this is the way they do it. They get on the street and they start talking. And, they have people who give them information and they know and they hear the talk on the street and that evidence can't come into Court because of hearsay rules and other rules of evidence . . . and all these other juveniles give statements implicating various other individuals one of whom happens to be this defendant———" (Tr. pp. 61-62).

This argument was clearly erroneous. In *State v. Bottoms*, 260 S. C. 187, 195 S. E. (2d) 116 (1973), we held that a solicitor cannot rely, in his closing argument, on statements not in evidence. This Court stated:

" ' The general rule is almost universally recognized that evidence of extrajudicial statements made by a witness who is not a party and whose declarations are not binding as admissions is admissible only to impeach or discredit the witness, and is not competent as substantive evidence of the facts to which such statements relate'." 260 S. C. 193, 195 S. E. (2d) 118.

Accordingly, appellant's conviction is reversed.

Although appellant was also indicted and tried for larceny, he was found guilty only of receiving stolen goods. Never-

theless, we take this opportunity to comment on a portion of the trial judge's larceny instructions. In charging the jury on the law of recently stolen goods, he stated:

"I would charge you that a person found in possession of recently stolen goods must give some satisfactory explanation of his possession, otherwise, the law presumes him to (*sic*) the thief and he, therefore, be guilty of larceny." (Tr. p. 73).

This Court has consistently disapproved instructions which place the burden on the defendant to explain how he came into possession of recently stolen goods. *State v. DeWitt,* 254 S. C. 527, 176 S. E. (2d) 143 (1970); *State v. Sumner,* S. C., 236 S. E. (2d) 815 (1977). We *again* admonish the trial bench that:

"[T]he jury should *not* be instructed that the burden or duty is upon a defendant to explain possession in such cases, lest the jury draw the conclusion that either (1) the defendant is required to personally give explanatory testimony or (2), in the absence of explanation by the defendant, the inference is to be considered conclusive of guilt." *DeWitt, supra,* 254 S. C. at 530-531, 176 S. E. (2d) at 145.

While the erroneous charge was not prejudicial to this appellant, we direct the trial bench's attention to it in order to avoid future error.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.