20854

The STATE, Respondent, v. Greelin SMALLS, Appellant.
(251 S. E. (2d) 734)

*Dale T. Cobb, Jr.,* Charleston, *for appellant.*

*Atty. Gen. Daniel McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Buford S. Mabry, Jr.,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

January 22, 1979.

Littlejohn, Justice:

The defendant, Greelin Smalls, was charged with armed robbery and convicted by a jury. From this conviction he has appealed, alleging several errors at trial including an erroneous charge on the part of the judge.

The following appears from the transcript during the judge's charge to the jury:

"Now, there's another presumption which I want you to know about, too.

When goods recently stolen are found in the possession of someone it is incumbent upon that other person to explain how he came in possession of them.

"Mr. Bowling: Your Honor, I have to object to that. There's nothing in the evidence about that. That's a comment on this man's failure to take the stand.

"The Court: No, sir, it is not. I am coming back to that.

"Whenever the goods recently stolen from someone—and I'm going to explain to you how that comes in—is found in the possession of another it's incumbent upon him to give a reasonable explanation as to how he came into possession of those goods or he's presumed to be the thief. So, what is this man charged with? Armed robbery. What is robbery? Robbery is simply nothing but stealing while armed with a weapon. There's a little bit more complicated definition and I'm going to give it to you but that's all it boils down to. So all the elements of larceny must be present in order for a man to be convicted of robbery. . . ."

The State, in its brief, ". . . recognizes that the trial judge did not comply with South Carolina authority when he gave

the instructions challenged . . .. Nonetheless, the respondent [State] would submit that such was harmless error under the facts of this case." We cannot agree that the error was harmless. In *State v. Sumner,* 269 S. C. 175, 236 S. E. (2d) 815 (1977), we dealt with a similar charge and reversed, citing *State v. DeWitt,* 254 S. C. 527, 176 S. E. (2d) 143 (1970).

In *State v. Gaines,* S. C., 244 S. E. (2d) 539 (1978), we said:

"This Court has consistently disapproved instructions which place the burden on the defendant to explain how he came into possession of recently stolen goods. *State v. DeWitt,* 254 S. C. 527, 176 S. E. (2d) 143 (1970) ; *State v. Sumner,* [269 S. C. 175,] 236 S. E. (2d) 815 (1977). We *again* admonish the trial bench that:

'[T]he jury should *not* be instructed that the burden or duty is upon a defendant to explain possession in such cases, lest the jury draw the conclusion that either (1) the defendant is required to personally give explanatory testimony or (2), in the absence of explanation by the defendant, the inference is to be considered conclusive of guilt.' *DeWitt, supra,* 254 S. C. at 530-531, 176 S. E. (2d) at 145."

Other exceptions have been taken to the conduct of the trial. Since likelihood that the alleged errors might occur upon a new trial is remote, or nonexistent, we do not discuss them.

Reversed and remanded for a new trial.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.