## 21254

STATE of South Carolina, Respondent, v. Alonzo ADAMS, Appellant.

(267 S. E. (2d) 538)

*Samuel B. Fewell, Jr.*, Rock Hill, *for appellant*.

*Atty. Gen. Daniel R. McLeod*, and *Asst. Atty. Gen. Kay G. Crowe*, Columbia, and *Sol. William L. Ferguson*, York, *for respondent*.

June 19, 1980.

*Per Curiam:*

Appellant, tried with three codefendants, was convicted of armed robbery and sentenced to twenty-one (21) years imprisonment. On appeal, counsel for appellant filed a brief under authority of *Anders v. California*, 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967), asserting no meritorious grounds for appeal and requesting permission to withdraw from further representation. By Order of October 23, 1979, this Court denied the request to withdraw and directed further examination of the jury instruction addressing possession of recently stolen goods.

The trial judge below instructed the jury, *inter alia:*

Now keep in mind that there is another rule of law which you could take into play in this case and that is when someone is found in possession of recently stolen goods there is a presumption that that individual is the thief, unless there is some reasonable explanation to indicate otherwise.

In *State v. Smalls,* 272 S. C. 279, 251 S. E. (2d) 734 (1979) we held a similar charge to constitute reversible error, and, quoting *State v. Gaines,* 271 S. C. 65, 244 S. E. (2d) 539 (1978), stated:

This Court has consistently disapproved instructions which place the burden on the defendant to explain how he came into possession of recently stolen goods. *State v. DeWitt,* 254 S. C. 527, 176 S. E. (2d) 143 (1970) ; *State v. Sumner,* 269 S. C. 175, 236 S. E. (2d) 815 (1977). We *again* admonish the trial bench that:

[T]he jury should *not* be instructed that the burden or duty is upon a defendant to explain possession in such cases, lest the jury draw the conclusion that either (1) the defendant is required to personally give explanatory testimony or (2), in the absence of explanation by the defendant, the inference is to be considered conclusive of guilt. *DeWitt, supra,* 254 S. C. at 530-531, 176 S. E. (2d) at 145.

Although the instruction below did not require appellant to personally explain possession of stolen goods, the trial judge clearly failed to inform the jury:

The presumption of inference of guilt from possession of recently stolen goods is simply an *evidentiary fact* to be taken into consideration by the jury, along with other evidence in the case, and to be given such weight as the jury determines it should receive. *State v. DeWitt, supra.* [Emphasis Added.]

We hold that the challenged instruction failed to properly explain the evidentiary nature of the recently stolen goods presumption. Indeed, the presumption was characterized as

a "rule of law" which, by implication, is to be applied absent "some reasonable explanation" for possession. Here, as in *State v. Sumner, supra,* a reasonable juror might find the instruction confusing and infer that the burden was on appellant to rebut the presumption of guilt, despite other language that the burden of proof was not raised from the shoulders of the State. *See also Sandstrom v. Montana,* 442 U. S. 510, 518 fn. 7, 99 S. Ct. 2450, 2456, fn. 7, 61 L. Ed (2d) 39 (1979). (General Burden of proof instructions are not rhetorically inconsistent with a conclusive or burden shifting presumption).

For the above reasons the conviction below is reversed and the case is remanded to the Court of General Sessions for a new trial.