21387

The STATE, Respondent, v. Willie BAILEY, Jr., Appellant.

(274 S. E. (2d) 913)

*Chief Atty. John L. Sweeny and Staff Atty. Tara D. Shurling, S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod and Asst. Attys. Gen. Kay G. Crowe and Sally G. Young,* Columbia, and *Sol. Capers Barr,* Charleston, *for respondent.*

February 4, 1981.

HARWELL, Justice:

Willie Bailey appeals his conviction for assault and battery with intent to kill, breaking and entering a railroad car and grand larceny. We affirm.

Appellant contends first that the trial court erred by instructing the jury on the legal presumption which arises when one is found in possession of recently stolen goods. Appellant does not seriously contend that the law was not stated correctly since the trial judge did emphasize the merely evidentiary nature of the rebuttable presumption arising in that situation. *State v. Smalls,* 272 S. C. 279, 251 S. E. (2d) 734 (1979) ; *State v. Adams,* S. C. 267 S. E. (2d) 538 (1980). Appellant, however, does question the appropriateness of the charge since no evidence was introduced which showed him in actual possession of the beer.

The law applicable in this situation was recently clarified in *State v. Halyard,* S. C., 264 S. E. (2d) 841 (1980) :

"This court has repeatedly recognized that a conviction for possession of contraband drugs requires proof of actual or constructive possession, coupled with knowledge of the presence of the drugs. To prove constructive possession the State must show a defendant had dominion and control, or the right to exercise dominion and control over the substance. Such possession may be established by circumstantial as well as direct evidence. More than one person may possess the same personal property simultaneously." (Cites omitted) 264 S. E. (2d) at 842.

*State v. Halyard, supra,* then made this rule of law applicable to the possession of things generally and held that unless there is a failure of competent evidence tending to prove the indictment, the issue of possession is a jury matter.

Sufficient circumstantial evidence existed in this case to justify the charge to the jury.

On the evening of June 24, 1979, a Charleston City policeman observed a red and white pickup truck with a camper top attached parked near a box-car and loading dock at Bay Beverage Distributors. As he approached shots were fired and he was hit by a rifle slug. The truck and someone on foot escaped. During their investigation that night, tips pointed the police to an address in the city on Perry Street. Appellant's uncle, Nathaniel Moore, resided in the lower residence at Perry Street. At the address the police observed a truck matching the description of that seen at Bay Beverage. The truck belonged to appellant. The uncle consented to a search of the premises by the police. They found the camper top stashed in back. A portion of the stolen beer was found in the house. The uncle stated that the truck had not been there prior to that night. He also said he had observed appellant on the front porch that night prior to the arrival of the police and that appellant was with his brother who, sometime before appellant was seen, had given him a case of the stolen beer. Other evidence was introduced at trial which connected appellant with the rifle which wounded the officer at Bay Beverage.

We believe the testimony at trial was sufficient to support the inference that appellant Bailey had dominion and control or the right to exercise dominion and control over the stolen substances.

Appellant next alleges that the warrantless searches of the residence premises and of the truck were illegal and that any evidence obtained from the searches should have been suppressed since his uncle did not have the capacity to consent to the searches.

Warrantless searches are *per se* unreasonable unless an exception to the warrant requirement is presented. The burden is upon the State to justify the warrantless search. *Coolidge v. New Hampshire*, 403 U. S. 443, 91 S. Ct. 2022, 29 L. Ed. (2d) 564 (1971). We have specif-

ically recognized several exceptions to the warrant requirement. These include 1) search incident to a lawful arrest, (2) "hot pursuit", (3) stop and frisk, (4) automobile exception, (5) the "plain view" doctrine, and (6) consent. *State v. Peters,* 271 S. C. 498, 248 S. E. (2d) 475 (1978). Appellant argues that his uncle could not validly consent to the searches since he had been drinking and since he did not own the truck. We disagree.

Having focused upon the Perry Street address, the investigating officers went to the residence and obtained permission from Moore to search the premises, including the truck which was then parked upon the property. Though the hour was early and Moore had evidently consumed some quantity of alcohol during the evening, the trial judge found under the totality of the circumstances that Moore's consent was freely and voluntarily given. This was a question of fact for the trial judge and his conclusion is supported by the evidence. As such, we will not disturb it on appeal. *State v. Curley,* 253 S. C. 513, 171 S. E. (2d) 699 (1970) ; *cert. den.,* 400 U. S. 834, 91 S. Ct. 69, 27 L. Ed. (2d) 66 (1970).

Though the consent given by Moore was voluntary, we must next determine whether Moore's status as resident would permit him to validly allow the searches involved in this case. Moore clearly had authority to consent to the search of the residence premises. *U. S. v. Matlock,* 415 U. S. 164, 94 S. Ct. 988, 39 L. Ed. (2d) 242 (1974) ; *State v. Middleton,* 266 S. C. 251, 222 S. E. (2d) 763; *vacated & remanded mem.,* 429 U. S. 807, 97 S. Ct. 44, 50 L. Ed. (2d) 69 (1976) ; *reaffirmed,* 268 S. C. 152, 232 S. E. (2d) 342; *cert. denied,* 434 U. S. 878, 98 S. Ct. 230, 54 L. Ed. (2d) 157 (1977). Appellant had no possessory or privacy interests in the premises. See, *United States v. Salvucci,* —— U. S. ——, 100 S. Ct. 2547, 65 L. Ed. (2d) 619 (1980). As a guest, he assumed the risk that the home resident would allow others into the area. *State*

*v. Moultrie,* 271 S. C. 526, 248 S. E. (2d) 486 (1978). Likewise, the consent given for the search and seizure of the truck was valid. The truck was left on the premises without instructions or restrictions on its use. The vehicle was unlocked and the keys were in it. The camper top was disassembled and stored near the house. Under the circumstances it was reasonable for the officers to believe and the inference is amply supported that the resident had authority to consent to the search, *U. S. v. Matlock, supra; State v. Curley, supra,* as a common possessor or bailee.

Appellant takes the position finally that the trial judge erred by admitting evidence of weapons found in the search of another residence which were not used in the crimes charged but which did have a common origin with the weapon used.

After appellant's arrest a key to a residence on Perry Street in the city was found in his possession. The police obtained a search warrant for the address, believing that either the remainder of the beer or clothing worn on the night of the robbery might be there. A rifle and shotgun were found. Testimony established that these firearms and the rifle used during the robbery were among a group of weapons previously stolen together from a department store.

At trial, the trial judge admonished the jury not to consider the prior robbery at the department store as in any way reflecting upon appellant's involvement or lack of involvement in that incident. The evidence was admitted to demonstrate to the jury appellant's access to or control of the weapon involved in this case. The court emphasized the relevance of the testimony for this reason only.

The reception or exclusion of evidence is a matter largely left to the sound discretion of the trial judge and his decision will not be disturbed absent an abuse of that discretion. *State v. Quillien,* 263 S. C. 87, 207 S. E. (2d) 814 (1974); *State v. Groome,* S. C., 262 S. E. (2d) 31 (1980).

Appellant contends that the trial judge abused his discretion in allowing evidence of a prior crime which has in no way been connected with him. Evidence of a crime independent of and unconnected with the criminal acts for which an accused is on trial is inadmissible except where it tends to establish (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan embracing two or more closely related crimes; (5) the identity of the defendant. *State v. Lyle,* 125 S. C. 406, 118 S. E. 803 (1923); *State v. Wilson,* S. C., 266 S. E. (2d) 426 (1980). We would agree that the evidence at trial would not have been admissible under *Lyle* since the testimony does not connect appellant to the prior robbery. See, *State v. Conyers,* 268 S. C. 276, 233 S. E. (2d) 95 (1977). But no attempt was made by the State to imply by the admission of the weapons evidence that appellant was in any way responsible for the prior robbery. Therefore, the *Lyle* case analysis is not really applicable in this situation. *State v. Neeley,* 271 S. C. 33, 244 S. E. (2d) 522 (1978).

It is clear that evidence may be admissible for one purpose even if inadmissible for other purposes. *Jamison v. Howard,* S. C., 271 S. E. (2d) 116 (1980). The party objecting to the evidence can be protected by requesting the judge to instruct the jury as to the purpose for which the evidence is submitted. *Jamison v. Howard, supra.* The evidence here was admissible to show appellant's access to or connection with the weapon used. The judge instructed the jury not to consider the prior robbery as reflecting upon appellant. There was no error.

Appellant's remaining exceptions were either abandoned or are without merit and are disposed of pursuant to our Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.