21969

The STATE, Respondent, v. Roger Dale COOPER and Frank Bryson, Appellants.

(306 S. E. (2d) 598)

*Harold R. Lowery* and *Richard E. Thompson, Jr.*, Anderson and *Theodore A. Snyder*, Walhalla, *for appellants.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, and *Sol. George M. Ducworth*, Walhalla, *for respondent.*

Aug. 9, 1983.

PAUL MOORE, Acting Associate Justice:

The Appellants were convicted of breaking and entering and grand larceny. The grand larceny conviction was appealed on the ground of error in the instructions to the jury. We reverse and remand for a new trial.

After closing arguments by the attorneys, the trial judge charged:

> Now, ladies and gentlemen, in the proof of grand larceny our law says that the principle has long been recognized in this state that, where one is found in possession of recently stolen property a rebuttal (sic) inference of a fact arises that a person in possession of recently stolen property is the thief, and this inference is one of fact and not one of law. It's an evidentiary inference. It relates back to the circumstantial evidence test . . . Upon proof of possession of recently stolen goods the law permits the jury to infer guilt unless the jury finds a reasonable explanation of such possession from all the evidence presented at the trial.

In recent cases, this Court has consistently held that instructions which place the burden on the defendant to explain how he came to possess recently stolen goods are erroneous. The reasoning is that such charges allow the jury to presume that either the defendant is required to personally give explanatory testimony or in the absence of explanation by the defendant, the inference is to be considered conclusive of guilt. *See, State v. DeWitt,* 254 S. C. 527, 530-31, 176 S. E. (2d) 143, 145 (1970); *State v. Adams,* 275 S. C. 108, 267 S. E. (2d) 538 (1980); *State v. Smalls,* 272 S. C. 279, 251 S. E. (2d) 734 (1979); *State v. Gaines,* 271 S. C. 65, 244 S. E. (2d) 539 (1978); and *State v. Sumner,* 269 S. C. 175, 236 S. E. (2d) 815 (1977).

In *DeWitt, supra,* we affirmed a similar jury instruction. However, we now hold that the expressions "rebuttable" and "reasonable explanation" may too easily be taken by the jury as requiring the defendant to personally rebut or explain. *DeWitt* is overruled insofar as it permits the use of these terms.

The fact that defendants are found in possession of recently stolen property should be characterized merely as an evidentiary fact and not described as "rebuttable" or requiring a "reasonable explanation". The fact of possession is merely circumstantial evidence of guilt and should be charged as such.

Reversed and remanded.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.