THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 George Owens, Respondent,
 v.
 Town of Allendale, Appellant.
 
 
 

Appeal From Allendale County
Perry M. Buckner, Circuit Court Judge

Unpublished Opinion No.   2008-UP-575
 Heard September 18, 2008  Filed October
14, 2008

AFFIRMED

 
 
 
 Stephanie P. McDonald and Sandra J. Senn of Charleston, for
 Appellant.
 Robert N. Hill of Newberry and Mark B. Tinsley of Allendale, for Respondent.
 
 
 

PER CURIAM:  The town of Allendale appeals from a jury verdict awarding
 George Owens $1.3 million[1] in damages for injuries he sustained in an automobile accident with a town of
 Allendale police cruiser driven by Officer Darryl Long.  On appeal, Allendale
 asserts the trial court erred in:  excluding the police report prepared by
 Officer Long; allowing the deposition of Dr. Johnson to be read at trial; and,
 denying Allendales motion for a new trial absolute.  We affirm pursuant to
 Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann. § 56-5-1290
 (Supp. 2004) (preventing the introduction of police reports required by
 sections 56-5-1260 through 56-5-1280 to establish the negligence or due care of
 either party in an action to recover damages); S.C. Code Ann. § 56-5-1270 (2006)
 (requiring a report from every law enforcement officer who, in the regular
 course of duty, investigates a motor vehicle accident that results in injury); S.C.
 Code Ann. § 56-5-1360 (2006) (excluding police reports required by town
 ordinance from evidence in any trial); Rule 403, SCRE (excluding evidence if
 its probative value is substantially outweighed by the danger of unfair
 prejudice, confusion of the issues, or misleading the jury); Mibbs, Inc. v. S.C.
 Dept of Revenue, 337 S.C. 601, 605, 524 S.E.2d 626, 628 (1999) (noting rulings
 not appealed become the law of the case); Rule 32(d)(3)(B), SCRCP (deeming
 objections not made at the time of deposition waived where a timely objection could
 have cured the basis for it); Pearson v. Bridges, 344 S.C. 366, 372, 544
 S.E.2d 617, 620 (2001) (holding the proper test for determining the
 admissibility of evidence of future damages is whether the evidence, if
 otherwise competent, tends to establish the nature, character, and extent of
 injuries which are the natural and proximate consequences of the defendants
 acts); Cock-N-Bull Steak House, Inc. v. Generali Ins. Co., 321 S.C. 1,
 9, 466 S.E.2d 727, 731 (1996) (stating the trial court should only grant a
 motion for a new trial absolute where the jury verdict is so excessive as to
 shock the conscience of the court and clearly indicates the figure reached was
 the result of passion, caprice, prejudice, partiality, corruption, or some
 other influence outside the evidence); State v. Holland, 261 S.C. 488,
 499, 201 S.E.2d 118, 123 (1973) (quoting State v. Dewitt, 254 S.C. 527, 534,
 176 S.E.2d 143, 147 (1970)) ([s]omething more must appear . . .to warrant
 interference with a jury's verdict than the mere brevity of their deliberations[.]).
AFFIRMED.
HEARN,
C.J., and HUFF, J., and GEATHERS, J., concur.

[1] The trial court reduced the award to $300,000
 pursuant to the South Carolina Tort Claims Act.  S.C. Code Ann. § 15-78-120 (Supp.
2007).