THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Jarminski
 Rasheik Cook, Appellant.
 
 
 

Appeal From Kershaw County
G. Thomas Cooper, Jr., Circuit Court
 Judge

Unpublished Opinion No.  2011-UP-545
Submitted December 1, 2011  Filed
 December 6, 2011 

AFFIRMED

 
 
 
Appellate Defender LaNelle Cantey DuRant, of Columbia, for
 Appellant.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant 
 Attorney General Mark R. Farthing, and Solicitor Daniel E. Johnson, all of
 Columbia, for Respondent.
 
 
 

PER
 CURIAM:  Jarminski Rasheik Cook appeals his convictions for possession with intent to distribute crack
 cocaine, possession of marijuana, and trafficking in cocaine, arguing the circuit
 court erroneously admitted drug evidence found in his apartment before a search
 warrant arrived.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State v.
 Tindall, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010) ("On appeals
 from a motion to suppress based on Fourth Amendment grounds, [an appellate
 court] applies a deferential standard of review and will reverse if there is
 clear error."); State v. Bailey, 276 S.C. 32, 36, 274 S.E.2d 913, 915 (1981) (recognizing
 consent as an exception to the Fourth Amendment's warrant requirement); State
 v. Wright, 391 S.C. 436, 443, 706 S.E.2d 324, 327 (2011) ("[T]he two elements needed to satisfy the plain view exception
 are:  (1) the initial intrusion which afforded the authorities the plain view
 was lawful and (2) the incriminating nature of the evidence was immediately
 apparent to the seizing authorities."); State v. Abdullah, 357 S.C.
 344, 352, 592 S.E.2d 344, 349 (Ct. App. 2004) ("Under the plain view
 doctrine, any object falling within the plain view of a law enforcement officer
 who is lawfully in a position to view the object is subject to lawful
 seizure.").
 AFFIRMED.
 FEW, C.J., THOMAS and KONDUROS, JJ.,
 concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.