**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alfonzo Alexander, Appellant.

Appellate Case No. 2013-002636

---

Appeal From Abbeville County
Frank R. Addy, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-485
Submitted September 1, 2015 – Filed October 14, 2015

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mary Williams Leddon, both of Columbia; and Solicitor David M. Stumbo, of Greenwood, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in admitting the crack cocaine into evidence: *State v. Taylor*, 401 S.C. 104, 108, 736 S.E.2d 663, 665 (2013) ("A trial court's Fourth Amendment suppression ruling must be affirmed if supported by any evidence."); *State v. Bailey,* 276 S.C. 32, 36, 274 S.E.2d 913, 915 (1981) (holding a person's status as a resident gave him the authority to consent to a search of the premises); *Terry v. Ohio*, 392 U.S. 1, 30 (1968) ("Where a police officer observes unusual conduct which leads him to reasonably conclude in light of his experience that criminal activity may be afoot and that persons with whom he is dealing may be armed and dangerous . . . he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons."); *State v. Provet,* 405 S.C. 101, 113, 747 S.E.2d 453, 460 (2013) ("A warrantless search is reasonable within the meaning of the Fourth Amendment when voluntary consent is given for the search.").

2.  As to whether the trial court erred in qualifying Lieutenant John Gray as an expert witness:  *State v. Chavis*, 412 S.C. 101, 106, 771 S.E.2d 336, 338 (2015) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the trial court's sound discretion.  A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion.  An abuse of discretion occurs when the conclusions of the circuit court are either controlled by an error of law or are based on unsupported factual conclusions." (citations omitted)); *State v. Robinson,* 396 S.C. 577, 586, 722 S.E.2d 820, 825 (Ct. App. 2012) ("To be competent to testify as an expert, a witness must have acquired by reason of study or experience or both such knowledge and skill in a profession or science that he is better qualified than the jury to form an opinion on the particular subject of his testimony.").

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.