**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Daevon Hezzie Williams, Appellant.

Appellate Case No. 2014-002714

Appeal From Dillon County
William H. Seals, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-513
Submitted October 1, 2016 – Filed December 14, 2016

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("[I]n ruling on a directed verdict motion where the State relies on circumstantial evidence, the court must determine whether the evidence presented is sufficient to allow a reasonable juror to find the defendant guilty beyond a reasonable doubt."); *State v. Cooper*, 279 S.C. 301, 302, 306 S.E.2d 598, 599 (1983) (holding that proof the accused was in possession of stolen property near the time of loss is circumstantial evidence supporting the inference the accused is guilty of larceny); *State v. Brown*, 402 S.C. 119, 131, 740 S.E.2d 493, 499 (2013) ("[A] property owner is competent to testify regarding the value of damaged or stolen property . . . [, and] a property owner's testimony alone is sufficient to support a conviction for grand larceny.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.