**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Samuel Edward Alexander, Jr., Appellant.

Appellate Case No. 2016-000421

———————

Appeal From Chesterfield County
Roger E. Henderson, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-335
Submitted May 1, 2018 – Filed July 25, 2018

———————

**AFFIRMED**

———————

Appellate Defender Taylor D. Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General John Benjamin Aplin, and Assistant Attorney General Jennifer Ellis Roberts, all of Columbia, and Solicitor William B. Rogers, Jr., of Bennettsville, for Respondent.

———————

**PER CURIAM:** Samuel Alexander, Jr. appeals his conviction of grand larceny, for which he was sentenced to ten years' imprisonment. Alexander maintains the circuit

court erred by (1) failing to grant his motion for a directed verdict and (2) giving a jury charge on possession of recently stolen property that contained burden-shifting instructions. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court properly denied Alexander's directed verdict motion: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the [circuit] court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("On appeal from the denial of a directed verdict, [the appellate court] must view the evidence in the light most favorable to the State."); *State v. Pearson*, 415 S.C. 463, 473, 783 S.E.2d 802, 807 (2016) ("This objective test is founded upon reasonableness[;] [a]ccordingly, in ruling on a directed verdict motion [when] the State relies on circumstantial evidence, the court must determine whether the evidence presented is sufficient to allow a reasonable juror to find the defendant guilty beyond a reasonable doubt." (quoting *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016))); *State v. Rogers*, 405 S.C. 554, 571, 748 S.E.2d 265, 274 (Ct. App. 2013) ("The supreme court has consistently evaluated the circumstantial evidence in a case as a whole, not in isolation from other evidence."); *Odems*, 395 S.C. at 586, 720 S.E.2d at 50 ("[Thus], if there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.").

2. As to whether the circuit court properly instructed the jury on the law of possession of recently stolen property: *State v. Brandenburg*, 419 S.C. 346, 349, 797 S.E.2d 416, 418 (Ct. App. 2017) ("An appellate court will not reverse the [circuit court]'s decision regarding a jury charge absent an abuse of discretion." (alteration in original) (quoting *State v. Brandt*, 393 S.C. 526, 550, 713 S.E.2d 591, 603 (2011))); *id*. ("An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law." (alteration in original) (quoting *State v. Patterson*, 367 S.C. 219, 224, 625 S.E.2d 239, 242 (Ct. App. 2006))); *State v. Simmons*, 384 S.C. 145, 178, 682 S.E.2d 19, 36 (Ct. App. 2009) ("In reviewing jury charges for error, [an appellate court] must consider the circuit court's jury charge as a whole in light of the evidence and issues presented at trial."); *State v. Kinard*, 373 S.C. 500, 503, 646 S.E.2d 168, 169 (Ct. App. 2007) ("Generally, the [circuit] court is required to charge only the current and correct law of South Carolina."); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("The law to be charged must be determined from the evidence presented at trial." (quoting *State v. Knoten*, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001))); *Brandenburg*, 419 S.C. at 349, 797 S.E.2d at 418 ("To warrant reversal, a [circuit court]'s refusal to give a requested jury charge must be both

erroneous and prejudicial to the defendant." (alteration in original) (quoting *State v. Adkins*, 353 S.C. 312, 319, 577 S.E.2d 460, 464 (Ct. App. 2003))); *Mattison*, 388 S.C. at 478, 697 S.E.2d at 583 ("[I]f the [circuit court] refuses to give a specific charge, there is no error if the charge actually given sufficiently covers the substance of the request." (quoting State v. Austin, 299 S.C. 456, 458, 385 S.E.2d 830, 831 (1989))); *State v. Dewitt*, 254 S.C. 527, 530, 176 S.E.2d 143, 145 (1970), (noting there is an inference or presumption of fact that arises when an individual is found in possession of recently stolen property that he is the thief), *overruled on other grounds by State v. Cooper*, 279 S.C. 301, 302, 306 S.E.2d 598, 599 (1983); *id*. at 532, 176 S.E.2d at 146 ("In order to sustain an inference of guilt from the possession of stolen property, it must be shown that it was recently stolen."); *id*. ("The presumption or inference of guilt from possession of recently stolen goods is simply an evidentiary fact to be taken into consideration by the jury, along with the other evidence in the case, and to be given such weight as the jury determines it should receive."); *Cooper*, 279 S.C. at 302, 306 S.E.2d at 599 ("The fact of possession is merely circumstantial evidence of guilt and should be charged as such."); *id*. ("[P]ossession of recently stolen property should be characterized merely as an evidentiary fact and not described as 'rebuttable' or requiring a 'reasonable explanation.'"); *Mattison*, 383 S.C. at 479, 697 S.E.2d at 583 ("The substance of the law is what must be charged to the jury, not any particular verbiage." (quoting *Adkins*, 353 S.C. at 318–19, 577 S.E.2d at 464)); *Dewitt*, 254 S.C. at 534, 176 S.E.2d at 147 ("There is no prescribed length of time for a jury to reach a verdict."); *id*. ("Something more must appear, therefore, to warrant interference with a jury's verdict than the mere brevity of their deliberations.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.