**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christian Arenson Scowcroft, Appellant.

Appellate Case No. 2017-001859

———————

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-061
Submitted February 1, 2020 – Filed March 11, 2020

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins of
Columbia for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, of Columbia,
and Solicitor William Walter Wilkins, III, of Greenville,
for Respondent.

———————

**PER CURIAM:** Christian Scowcroft appeals his convictions for first-degree burglary and grand larceny, arguing the trial court erred in denying his directed verdict motion because the State failed to present sufficient evidence to submit the

charges to the jury.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in denying Scowcroft's directed verdict motion for the first-degree burglary charge: *State v. Harry*, 420 S.C. 290, 298, 803 S.E.2d 272, 276 (2017) ("In reviewing the denial of a motion for a directed verdict, [the appellate court] must view the evidence in a light most favorable to the State."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If there is . . . substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Irvin,* 270 S.C. 539, 543, 243 S.E.2d 195, 197 (1978) (stating testimony that the burglary occurred together with evidence the defendant possessed the stolen items forms "a sufficient basis from which [the defendant's] guilt could be fairly and logically deduced, thus requiring submission of the case to the jury").

2.  As to whether the trial court erred in denying Scowcroft's directed verdict motion for the grand larceny charge: *Harry*, 420 S.C at 298, 803 S.E.2d at 276 ("In reviewing the denial of a motion for a directed verdict, [the appellate court] must view the evidence in a light most favorable to the State."); *Cherry*, 361 S.C. at 593-94, 606 S.E.2d at 478 ("If there is . . . substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Cooper*, 279 S.C. 301, 302, 306 S.E.2d 598, 599 (1983) (stating proof the defendant possessed recently stolen property was circumstantial evidence tending to prove the defendant was guilty of larceny); *State v. Miller*, 287 S.C. 280, 284, 337 S.E.2d 883, 886 (1985) (stating evidence the defendant sold recently stolen property for a fraction of its actual value was circumstantial evidence the defendant stole the property); *State v. Brown*, 402 S.C. 119, 131, 740 S.E.2d 493, 499 (2013) ("[A] property owner's testimony alone [regarding the value of stolen property] is sufficient to support a conviction for grand larceny.").

**AFFIRMED.**

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.