**People of the State of Illinois, Plaintiff-Appellee, v. Michael Vernon Schumacher, Defendant-Appellant.**

**Gen. No. M–52,051.**

First District, Fourth Division.

December 22, 1967.

Arthur J. O'Donnell, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Daniel Weil, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

OFFENSE CHARGED

Theft.*

JUDGMENT

Schumacher and his codefendant, James Ryan, were tried together in a bench trial and both were found guilty. Defendant was sentenced to thirty days in jail.

POINT RAISED ON APPEAL

The evidence did not establish defendant's guilt beyond a reasonable doubt.

EVIDENCE

*Ronald C. Colosimo, witness for the State*

On the evening of August 5, 1966, a 1959 Chevrolet (identified by serial number) with a "For Sale" sign on the windshield, was parked on the used car lot which he owns. The next time he saw this car was at the Police Station the following afternoon. He had not authorized anyone to drive it on the evening of August 5, 1966, or at any time thereafter.

*Raymond Nolan, a police officer, witness for the State*

At about 3:10 a. m. on the morning of August 6, 1966, he saw a black Pontiac convertible pushing a Chevrolet which had a sale sign on the windshield. Ryan was in the Chevrolet which had dim headlights. Defendant was driving the Pontiac. The engine of the Chevrolet started as

---

* Ill Rev Stats (1965), c 38, § 16–1.

A person commits theft when he knowingly: (a) Obtains or exerts unauthorized control over property of the owner; . . . and (1) Intends to deprive the owner permanently of the use or the benefit of the property; or (2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or (3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

386

the two cars approached Nolan's vantage point. As defendant attempted to drive away in the Pontiac, Nolan arrested him, after first calling for assistance on his radio. He had first observed the vehicles at a distance of approximately 50 feet. The area was dark except for the illumination from spotlights and other lights on the front of a restaurant near which Nolan's car was standing. Another officer, who had responded to Nolan's call, located Ryan behind the restaurant and arrested him. The ignition wires on the Chevrolet had been crossed.

*Michael Schumacher, defendant*

Early on the morning of August 6, 1966, while at home, he received a phone call from Ryan who asked to be picked up. While defendant was driving to meet Ryan, he saw a 1959 Chevrolet in front of him. He couldn't see the driver. He followed the Chevrolet up to a stop sign, at which point the cars turned in different directions. After making the turn, defendant was stopped and arrested. He had been within 10 or 15 feet of the Chevrolet but had not pushed it.

*James Patrick Ryan, codefendant*

On August 6, 1966, he phoned defendant to ask for a ride home. He was never inside the Chevrolet, though he saw it with the motor running near the restaurant where he was arrested.

OPINION

■■■■ There was sufficient evidence which, if believed, adequately met the State's burden of proof, the credibility of the witnesses being a matter for the trial judge. While it was Ryan who drove the Chevrolet, defendant was seen pushing it with the Pontiac. People v. Lardner, 296 Ill 190, 129 NE 697; Watts v. People, 204 Ill 233, 68 NE 563; People v. Davis, 69 Ill App2d 120, 216 NE2d 490. Defendant was, thus, responsible for Ryan's conduct as aiding and abetting in the commission of the crime. Ill Rev Stats (1965), c 38, § 5-2. The requisite intent may be inferred from the surrounding facts and

circumstances. People v. Richardson, 32 Ill2d 472, 207 NE2d 478; People v. Cole, 30 Ill2d 375, 196 NE2d 691; People v. Grilec, 2 Ill2d 538, 119 NE2d 232. The facts that defendant knew Ryan and was meeting him by prearrangement were also factors to be considered.

DECISION

The judgment of the Circuit Court is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.