THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM CRAWFORD, Defendant-Appellant.

(No. 55116; ■■■■■■

First District—May 5, 1971.

. *Rehearing denied May 26, 1971.*

Edward L. Overtree, and Price, Cushman, Keck & Mahin, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Nicholas DeJohn, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Cook County finding the defendant, William Crawford, guilty of theft of property valued at less than $150.00. After a bench trial the defendant was convicted and sentenced to 90 days in the House of Correction.

On March 3, 1970, the complainant, John Mauck, a student and a resident of the Lynn House dormitory of the University of Chicago, saw the defendant and a companion, Joseph LaTake, walking in the third floor hallway of the dormitory. The door to Mauck's room was unlocked, and upon entering he discovered that his radio was missing. The two were also observed leaving the dormitory by Michael Luros, another student, who had become suspicious and followed them out. When the defendant and his companion broke into a run, Luros gave chase. As he pursued them past Billings Hospital, Luros motioned to the campus security police stationed there. They also joined in the chase and apprehended the defendant and his companion. The zipper cases carried by each were searched by the security guards. A portable radio, identified as belonging to John Mauck, was found in the case belonging to the defendant's companion, but nothing was found in his own case.

The defendant testified in his own defense and denied knowledge of the radio. He said he and LaTake were in the dormitory to visit one of LaTake's friends. He denied being in any of the rooms and stated he left LaTake alone when he went to the washroom. He further stated the reason they ran after leaving the hall was to catch a bus. They were both at a bus stop when apprehended.

The defendant was held in the basement of the University Security Office and then placed under arrest by a Chicago police officer. The radio belonging to Mauck was returned to him by police officers.

On appeal the defendant argues that the trial court erred in denying his motion to suppress testimony relating to evidence discovered as a result of a search which he claims was illegal. He also contends there was insufficient evidence to prove him guilty beyond a reasonable doubt.

The motion to suppress was properly denied because the search of the

brief case was incident to a valid arrest. Whether a search is valid depends on the facts of a particular case. *People v. Jones* (1964), 31 Ill.2d 42. In that case the court stated the Illinois law on reasonable grounds for arrest:

"* * * it is generally agreed that reasonable grounds or probable cause for arrest exists if the facts and the circumstances known to the officer would warrant a prudent and cautious man in believing that the person arrested was guilty of an offense."

■■ The security police were justified in believing that a crime had been committed because of the circumstances. They observed two boys running down the street being chased by a third, who motioned for their assistance. They could not reasonably refuse this call for help without breaching their duty to protect the persons and property of the University. Police must act on factual and practical considerations, and absolute certainty of the guilt of the accused is not required. *People v. Lucas* (1968), 41 Ill.2d 370. It is only necessary that the arrest be the result of more than mere suspicion. *In re Marsh* (1968), 40 Ill.2d 53. In this case the defendant and his companion appeared to be running away. Since evidence of flight is probative of guilt in a court of law, the officers were within their rights to make the arrest and the subsequent search.

In *Brinegar v. United States* (1949), 338 U.S. 160, the Supreme Court discussed the doctrine of probable cause:

"Probable cause exists where 'the facts and circumstances within their [the officers] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. *Carroll v. United States*, 267 U.S. 132, 162. These long-prevailing standards seek to safeguard citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime. They also seek to give fair leeway for enforcing the law in the community's protection. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability. The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating these often opposing interest. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice."

This court is mindful that discovery of evidence does not relate back and operate as a justification for an initially illegal arrest. However, the arrest of the defendant by the security police was reasonable in the light of the prevailing circumstances, and it is clear that it cannot be characterized as a mere whim or caprice within the meaning set forth by the Supreme Court.

■■■ Secondly, the defendant claims the evidence was insufficient to establish his guilt. On the contrary, the evidence, both direct and circumstantial, supports the inferences that the defendant was involved in the acts of his companion and they shared a common illegal purpose. It is well settled that one may aid or abet without actively participating in the overt act. *People v. Bracey* (1969), 110 Ill.App.2d 329, 337.

■■ The defendant was placed at the scene of the theft by the complaining witness, who also identified the radio found on the defendant's companion as being the one taken from his unlocked room. It is also significant that both the defendant and his companion broke into a run upon leaving the building. Whether they were fleeing the scene of a crime or merely running to catch a bus, as the defendant claims, is an issue of credibility to be determined by the trial judge. A court of review will not substitute its judgment for that of the trial judge unless the evidence is so improbable or unsatisfactory as to raise a reasonable doubt of the defendant's guilt. *People v. Hoffman* (1970), 45 Ill.2d 221, 226.

In the instant case we find the evidence was ample, beyond a reasonable doubt, to support the conviction. The rulings of the trial judge were correct, and the judgment is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.