THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LESTER BURSON, Defendant-Appellant.

(No. 58194;

First District (4th Division)—February 6, 1974.

James J. Doherty, Public Defender, of Chicago (Susan K. Horn, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Dennis J. O'Hara, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Lester Burson, was charged, along with Robert Phillips, with the theft of an electric adding machine valued at less than $150, in violation of section 16—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 16—1). Robert Phillips pleaded guilty to the charge. The defendant pleaded not guilty, and after a bench trial, was found guilty. He was sentenced to serve six months in the county jail.

The defendant contends that, for various reasons, the State failed to prove him guilty of the offense beyond a reasonable doubt.

The evidence showed that on July 18, 1972, at approximately 11:45 A.M., George Smith, an employee of the William Greiner Leather Company in Chicago, was emptying trash in an alley outside the company's warehouse. He testified that at that time he saw three men approach the warehouse. One of the three men he identified in open court as the defendant, Lester Burson. Another he identified in open court as the co-defendant Robert Phillips. He stated that while Robert Phillips stood outside the warehouse door, the defendant and the third man began "ransacking" boxes in the company warehouse. After observing them for about five minutes, he left to tell someone to call the police. He further testified that after about fifteen minutes, he saw the three men leave the warehouse and run down the street. One of the men was dragging a box but dropped it. The three men drove away in a black car.

Bryant Bradley, also employed by the William Greiner Leather Company, testified that he discovered shortly after 12:00 noon on the same day that a Burroughs electric adding machine, which had been in his office, was missing. He testified that his office was on the first floor of the premises along with the warehouse and that he had seen the adding machine in his office at 11:30 that morning.

Investigator James Gregg of the Chicago Police Department testified that Mr. Bradley discussed the incident with him on July 20th. Gregg was given an automobile license plate number which he investigated. A check of that license number revealed a 1966 Ford automobile registered in the name of Robert B. Phillips, the father of Robert Phillips who had been seen at the warehouse on July 18th. He interviewed the father of Robert Phillips on July 27, 1972, nine days after the occurrence. The missing adding machine was recovered in the basement of the two-flat building in which the elder Mr. Phillips and his son, Robert, the co-defendant, resided.

■■ We agree with the defendant that one of the essential points which the State must prove beyond a reasonable doubt is the identity of the accused as the one who committed the crime charged. (*People v. Campbell*, 113 Ill.App.2d 242, 252 N.E.2d 26.) He claims that eyewitness Smith's in-court identification was induced because of the suggestiveness of the presence of co-defendant Phillips, who had pleaded guilty and was present in court during the defendant's trial. Defendant's argument runs as follows: The co-defendant Phillips pleaded guilty while the eyewitness Smith was in the courtroom. After entering his plea, Phillips remained in the courtroom during the subsequent trial of the defendant. Since the witness Smith testified at defendant's trial, *inter alia*, that he saw Phillips standing outside the door during the theft, and since Smith had identified photographs of Phillips but not of the defendant between the time of the theft and the arrest of Phillips and the defendant, "it must be admitted that the impression left on Mr. Smith by Mr. Phillips was stronger than the impression left by Mr. Burson." Witnessing Phillips' guilty plea "reinforced the connection he made between them [Phillips and Burson] as perpetrators of the theft." Defendant thus implies that Smith's in-court identification was not based on independent recognition but merely "due to the association he had established in his mind between Burson and the guilty Phillips."

We find this contention that Smith's identification of the defendant in court "was based on the impermissible thesis of guilt by association" to be a conclusion without basis in fact, and we accordingly reject it.

We note first that no attempt was made to have Phillips leave the courtroom after he entered his plea. Nor was Phillips asked to testify. More pertinently, the witness, Smith, testified that he was in the alley in broad daylight when he observed the defendant and the other men. He testified that he first saw them "walking down the street," and that he then saw them enter the warehouse. He said he witnessed the defendant ransacking boxes inside the warehouse for a full five minutes. He was asked on cross-examination:

> "Q. How could you see what they were doing if they were inside the warehouse?
>
> A. They weren't that very far inside the warehouse. They were right near the inside where you could see them.
>
> Q. Near the—inside what?
>
> A. The warehouse. You can see right in there from the alley to the door. The door was open."

Smith's identification of the defendant in court was unequivocal, clear, and positive. We are not persuaded that it was induced by the presence

of co-defendant Phillips. There was a sound independent basis for the in-court identification in Smith's unimpaired observation at the time of the theft.

■■ Defendant's reliance on *People v. Washington*, 121 Ill.App.2d 174, 257 N.E.2d 190, is misplaced. There a rape complainant's identification of an alleged participant consisted of " '[W]ell he looked like one of them * * *. That is all that I can say * * *.' " She testified that at the time of the rape there " '[w]as only one dim light.' " and admitted that she could not see the faces of the youths who assaulted her. (121 Ill.App.2d at 177-78, 257 N.E.2d at 192.) Here the identification was not vague, doubtful or uncertain. Positive identification by one witness who has ample opportunity for observation, may be sufficient to support a conviction. *People v. Guyton*, 53 Ill.2d 114.

The defendant next urges that more detrimental to his conviction for the theft of the adding machine is the fact that no one was actually seen taking it away from the warehouse. He asserts because of this that the State's case seems to rest on the theory of unexplained, recent possession of stolen property, and on the theory of accountability. Since he feels that there was neither a showing of possession of the stolen property by him sufficient to raise an inference of his guilt, nor a showing that he was legally accountable for the conduct of another, he asserts he was not convicted beyond a reasonable doubt.

The defendant indicates that in order for the inference of guilt sufficient to sustain a conviction to arise from the possession of stolen property, the possession must be recent and exclusive. (*People v. Evans*, 24 Ill.2d 11, 14, 179 N.E.2d 657, 659.) After conceding that the time span (nine days) falls within the court's definition of recent, he concludes that there was no showing of exclusiveness in either Phillips or himself, and especially not in himself, since he did not even live in the building where the adding machine was found. Defendant continues that since there was no showing of possession by him sufficient to raise an inference of guilt, the State must rely on the theory that he was legally accountable for the conduct of another. And since mere presence at the scene of a crime is insufficient to establish guilt (*People v. Boyd*, 17 Ill.2d 321, 327, 161 N.E.2d 311, 315), and "the legislature did not intend to establish criminal responsibility simply through guilt by association" (*People v. Ramirez*, 93 Ill.App.2d 404, 410-11, 236 N.E.2d 284, 288), he cannot be held accountable for the theft.

We find defendant's disjunctive analysis of the facts misleading. His initial argument that he had no possession of the goods might be compelling if there was no other evidence tying him to the theft. But such is not the case. The defendant was clearly observed, under highly sus-

picious circumstances, at the time and place of the theft—ransacking boxes in the warehouse. He was seen fleeing with the admittedly guilty co-defendant Phillips and another man. The investigation of an automobile license plate number supplied to the police led them to the father of the co-defendant. The missing adding machine was found in the basement of the building where the co-defendant and his father resided. As we stated in *People v. Turner*, 121 Ill.App.2d 205, 208, 257 N.E.2d 186, 187, "In weighing the evidence, the court was not required to disregard inferences that flowed normally from the evidence before it. People v. Brown, 27 Ill.2d 23, 26, 187 N.E.2d 728, 730." *Cf. People v. Williams*, 75 Ill.App.2d 342, 221 N.E.2d 28 (abstract opinion).

■■ Even accepting defendant's analytical frame work, and assuming that the theory upon which defendant's conviction rests is that of accountability, defendant's factual assumption that he was merely "present" at the crime scene is untenable. He was seen with two other persons in a warehouse where he was not employed, searching boxes that did not belong to him, and he was observed fleeing the scene. This evidence shows to us that defendant was no innocent bystander. *Cf. People v. Crawford*, 133 Ill.App.2d 210, 272 N.E.2d 706; *People v. Schumacher*, 90 Ill.App.2d 385, 234 N.E.2d 574.

The defendant was with his co-defendant, Robert Phillips, engaging in highly incriminating behavior when the adding machine was stolen and soon thereafter the machine was recovered. No other facts or circumstances were shown which could have left in the mind of the trial court a reasonable doubt as to the defendant's guilt. We conclude that the evidence was sufficient to justify the finding of guilty by the trial court.

The judgment of the circuit court is affirmed.

Affirmed.

ADESKO, P. J., and DIERINGER, J., concur.