118

749 S.E.2d 165

The STATE, Respondent,

v.

Karl Ryan LANE, Appellant.

Appellate Case No. 2012–207787.

No. 5175.

Court of Appeals of South Carolina.

Heard Sept. 11, 2013.
Decided Oct. 9, 2013.
Rehearing Denied Nov. 22, 2013.

Appellate Defenders Dayne C. Phillips and Carmen V. Ganjehsani, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General J. Benjamin Aplin, both of Columbia, for Respondent.

PIEPER, J.

This appeal arises out of Karl Ryan Lane's conviction for first-degree burglary. On appeal, Lane argues the trial court erred (1) by refusing to grant a directed verdict when the evidence merely raised the suspicion of his guilt and the State failed to present substantial circumstantial evidence that he was guilty of first-degree burglary and (2) by refusing to charge the jury on the circumstantial evidence instruction he requested. We reverse.

## FACTS

On April 21, 2011, firearms were stolen from a gun safe in Mark McSwain's house. Pamela Holladay, McSwain's neighbor, testified a car pulled into McSwain's driveway around 3:20 p.m. on the day McSwain's guns were stolen. According to Holladay, the car was a red or burgundy four-door car with a paper tag, and the front passenger panel appeared to be a gray primer panel. Holladay testified the car appeared to be a "Mitsubishi Gallant-type car." According to Holladay, she saw a person approach the front door of McSwain's residence, return to the car, and then approach the back door. Holladay testified at least one person approached the doors of the home but two people were in the car when it left McSwain's property. Holladay explained she was unable to see the individuals' faces.

McSwain testified he discovered firearms were stolen from the safe in his house at approximately 4:30 p.m. McSwain explained he called the police after he noticed his gun safe was empty. According to McSwain, shortly after the police left his house after processing the scene, he noticed a folded piece of paper in the grass beside his driveway and notified the police. Deputy Michael Torres testified he was part of the investigation at McSwain's house and returned to McSwain's house at approximately 8:00 p.m. after McSwain found the piece of paper in his yard. According to Deputy Torres, the paper could have arrived in McSwain's yard after 6:00 p.m. because he did not see the paper during his original search for evidence. The paper was determined to be from an unemployment office, which Lane had visited the day of the burglary, located approximately two to three miles from McSwain's house.

Detective Benjamin Dow also testified at trial and acknowledged no eye witnesses identified who was in the car that pulled into McSwain's driveway. Detective Dow also acknowledged no fingerprints identified who went into McSwain's residence. At the conclusion of the State's case, a motion for a directed verdict was made and denied by the trial court. Lane was convicted of first-degree burglary and sentenced to 215 months' imprisonment. This appeal followed.

## STANDARD OF REVIEW

■ "In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless the findings are clearly erroneous." *State v. Spears*, 403 S.C. 247, 252, 742 S.E.2d 878, 880 (Ct.App.2013).

## LAW/ANALYSIS

Lane argues the trial court erred by refusing to grant a directed verdict because the evidence merely raised a suspicion of his guilt and the State failed to present substantial circumstantial evidence that he was guilty of first-degree burglary. We agree.

■ A defendant is guilty of burglary in the first degree if the defendant "enters a dwelling without consent and with intent to commit a crime in the dwelling" and "when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime ... is armed with a deadly weapon or explosive." S.C.Code Ann. § 16–11–311(A)(1)(a) (2003). In reviewing a motion for a directed verdict, the trial court is concerned with the existence of the evidence, not with its weight. *State v. Brannon*, 388 S.C. 498, 501, 697 S.E.2d 593, 595 (2010). "A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged." *Id.* On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State. *State v. Sterling*, 396 S.C. 599, 612, 723 S.E.2d 176, 183 (2012). If there is any direct evidence, or if there is substantial circumstantial evidence, which reasonably tends to prove the defendant's guilt, an appellate court must find the trial court properly submitted the case to the jury. *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011). The State has the burden of proving beyond a reasonable doubt the identity of the defendant as the person who committed the charged crime or crimes. *See Gibbs v. State*, 403 S.C. 484, 496, 744 S.E.2d 170, 176 (2013); *see also State v. Jackson*, 37 Conn.App. 491, 656 A.2d 1056, 1060 (1995) ("Identity of a defendant as the one who committed the crime is an element common to proof of all crimes, which the state must prove beyond a reasonable doubt."); *Brooks v. United States*, 717 A.2d 323, 327 (D.C.1998) ("The

identity of the defendant as the person who committed the charged crime is an essential element that the government must always prove beyond a reasonable doubt."); *Akridge v. State*, 970 So.2d 917, 918 (Fla.Dist.Ct.App.2007) ("The burden is upon the State to prove beyond a reasonable doubt all of the elements of the alleged crime including the identity of the defendant."); *People v. Burson*, 17 Ill.App.3d 559, 308 N.E.2d 200, 202 (1974) ("[O]ne of the essential points which the State must prove beyond a reasonable doubt is the identity of the accused as the one who committed the crime charged."); *Commonwealth v. Brooks*, 7 A.3d 852, 857 (Pa.Super.Ct.2010) ("In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes."). The trial court should grant a directed verdict when the evidence merely raises a suspicion that the defendant is guilty. *Odems*, 395 S.C. at 586, 720 S.E.2d at 50.

The State's case against Lane consisted solely of circumstantial evidence. The State presented the following evidence to establish Lane committed first-degree burglary: (1) the testimony of McSwain's neighbor that a burgundy/red "Mitsubishi Gallant-type car" with a paper tag and primer painted panel was in McSwain's driveway the day of the theft; (2) testimony that, at times, Lane drove a red/burgundy Mitsubishi Gallant belonging to his girlfriend that matched the description given by McSwain's neighbor; (3) testimony that Lane drove the Gallant the day of the theft; (4) testimony that a folded piece of paper belonging to Lane was found in McSwain's driveway that was not originally found by the police but found later outside; and (5) testimony that Lane did not want to talk to police officers the day after the theft and asked his girlfriend's mother to lie to officers concerning his whereabouts.

Viewing the foregoing evidence in the light most favorable to the State, we find the State did not present substantial circumstantial evidence to reasonably prove Lane was the person who committed the burglary. At most, the evidence the State presented raises only a mere suspicion that Lane committed the crime. Accordingly, we find the trial court erred by failing to grant Lane's directed verdict motion. *See Odems*, 395 S.C. at 586, 720 S.E.2d at 50 (providing "when the

State fails to produce substantial circumstantial evidence that the defendant committed a particular crime, the defendant is entitled to a directed verdict"); *State v. Bostick*, 392 S.C. 134, 142, 708 S.E.2d 774, 778 (2011) ("Under settled principles, the trial court should grant a directed verdict motion when the evidence presented merely raises a suspicion of guilt.").[1]

## CONCLUSION

For the aforementioned reasons, the judgment of the trial court is hereby

**REVERSED.**

FEW, C.J., and KONDUROS, J., concur.

---

1. We decline to address Lane's second issue on appeal, as the directed verdict issue is dispositive. *See State v. Hercheck*, 403 S.C. 597, 605, 743 S.E.2d 798, 802 (2013) (declining to reach a remaining issue on appeal when the court's decision on a prior issue is dispositive).