# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Karl Lane, Respondent.

Appellate Case No. 2013-002606

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Pickens County
G. Edward Welmaker, Circuit Court Judge

---

Opinion No. 27464
Submitted August 20, 2014 – Filed November 12, 2014

---

## REVERSED

---

Attorney General Alan M. Wilson and Assistant Attorney General J. Benjamin Aplin, both of Columbia, for Petitioner.

Appellate Defender Carmen V. Ganjehsani, of Columbia, for Respondent.

---

**PER CURIAM:**  The State seeks a writ of certiorari to review the court of appeals' decision in *State v. Lane*, 406 S.C. 118, 749 S.E.2d 165 (Ct. App. 2013).  We grant the petition, dispense with further briefing, reverse the court of appeals' decision, and reinstate Respondent's conviction and sentence.

Respondent was convicted of first-degree burglary and sentenced to 215 months' imprisonment in connection with the theft of several firearms from the victim's home.  The court of appeals reversed the trial court's refusal to direct a verdict of acquittal for Respondent, finding that the State did not present substantial circumstantial evidence to prove that Respondent committed the burglary.  We disagree, for in viewing the evidence in the light most favorable to the State, which we are constrained to do, the State presented substantial circumstantial evidence of Respondent's guilt.

On the afternoon of the burglary, the victim's neighbor observed a red Mitsubishi Gallant with gray primer paint on the front fender and a paper license plate parked in the victim's driveway.  The neighbor observed two people in the vehicle, one of whom walked back and forth from the vehicle to the victim's front door.  Later that evening, following the burglary, the victim found a piece of paper with a unique username and password printed upon it lying next to his driveway.  Officers determined that the piece of paper was issued to Respondent by the local unemployment office.  Suspecting Respondent's involvement in the burglary, an investigator went to interview Respondent at his girlfriend's parents' home.  When the investigator arrived, he observed a red Mitsubishi Gallant with gray primer paint on the front fender and a paper license plate in the driveway.  Respondent was initially evasive, asking his girlfriend's mother to lie to the investigator and state that he was not home.  Eventually, however, Respondent spoke with the investigator and acknowledged driving the Mitsubishi Gallant on the day of the burglary and receiving the piece of paper from the unemployment agency.

We find that the aforementioned evidence was sufficient to withstand Respondent's motion for a directed verdict.  *See State v. Weston*, 367 S.C. 279, 292–93, 625 S.E.2d 641, 648 (2006) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury." (citations omitted)).

Accordingly, we reverse the decision of the court of appeals and reinstate Respondent's conviction and sentence.

**REVERSED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**