**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Martin Dameon Floyd, Appellant.

Appellate Case No. 2013-002736

———————

Appeal From Dorchester County
Maité Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-362
Submitted May 1, 2015 – Filed July 15, 2015

———————

**AFFIRMED**

———————

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor David M. Pascoe, Jr., of Summerville, for Respondent.

———————

**PER CURIAM:** Martin Dameon Floyd appeals his conviction for first-degree burglary, arguing the trial court erred in denying his motion for a directed verdict

when the trial court found the State presented sufficient evidence from which the jury could find (1) Floyd possessed the requisite intent to commit a crime at the time of entry into the subject property and (2) the subject property constituted a dwelling.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Floyd's motion for a directed verdict regarding whether the State presented sufficient evidence from which the jury could find Floyd possessed the requisite intent to commit a crime at the time of entry: *State v. Phillips*, 411 S.C. 124, 132, 767 S.E.2d 444, 448 (Ct. App. 2014) ("In reviewing a denial of a directed verdict, [the appellate court] must view the evidence in the light most favorable to the State."); *id*. at 133, 767 S.E.2d at 448 ("A trial court must deny a directed verdict motion when the State presents . . . substantial circumstantial evidence to prove the defendant's guilt." (internal quotation marks omitted)); *State v. Lane*, 410 S.C. 505, 507, 765 S.E.2d 557, 558 (2014) (stating when there is "any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate c]ourt must find the case was properly submitted to the jury" (quoting *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006))).

2. As to whether the trial court erred in denying Floyd's motion for a directed verdict regarding whether the subject property constituted a dwelling: *State v. Morgan*, 352 S.C. 359, 366, 574 S.E.2d 203, 206 (Ct. App. 2002) (holding when interpreting a statute "[w]ords must be given their plain and ordinary meaning without resorting to subtle or forced construction which limits or expands the statute's operation"); S.C. Code Ann. § 16-11-311(A) (2003) ("A person is guilty of burglary in the first degree if the person enters a dwelling [at night] without consent and with intent to commit a crime . . . ."); S.C. Code Ann. § 16-11-310(2) (2003) (defining "dwelling" as "the living quarters of a building which is . . . normally used for sleeping, living, or lodging by a person"); S.C. Code Ann. § 16-11-310(1)(a) (2003) (defining "building" as "any structure . . . [w]here any person . . . lives"); *State v. Glenn*, 297 S.C. 29, 32, 374 S.E.2d 671, 672 (1988) ("[T]he test of whether a building is a dwelling house turns on whether the occupant has left with the intention to return.");  *State v. Evans*, 376 S.C. 421, 425, 656 S.E.2d 782, 784 (Ct. App. 2008) ("[W]hile the temporary absence of occupants will not prevent a residence from becoming the subject of a burglary, it [is] required that the occupant leave with the purpose of returning in order for the [property to constitute a dwelling]."); *id*. (holding factors such as whether utilities

are still on, and whether the home is ready to be lived in, are included in the concept of "intention to return").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.