**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Anderson Manigan, Appellant.

Appellate Case No. 2013-000253

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2016-UP-022
Heard September 15, 2015 – Filed January 20, 2016

**AFFIRMED**

Daniel Simmons McQueeney, Jr., of Mount Pleasant, and
Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant
Attorney General Julie Kate Keeney, Assistant Attorney
General Mary Williams Leddon, and Staff Attorney
Susannah Rawl Cole, all of Columbia, for Respondent.

**PER CURIAM:** Michael Manigan appeals his convictions for first degree burglary and grand larceny, arguing the trial court erred in (1) denying his directed verdict motion because the State failed to submit any direct or substantial circumstantial evidence tending to prove his guilt and (2) charging the jury that "the hand of one is the hand of all" because the investigating officer conceded there was no evidence tying the alleged accomplice to the crimes. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

(1)     As to whether the trial court erred in denying his directed verdict motion: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) (stating the trial court is concerned with the existence or nonexistence of evidence, not its weight, when ruling on a motion for a directed verdict); *State v. Brannon*, 388 S.C. 498, 501, 697 S.E.2d 593, 595 (2010) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); *State v. Lynch*, 412 S.C. 156, 171, 771 S.E.2d 346, 354 (Ct. App. 2015) (providing on appeal from the denial of a directed verdict, this court must view the evidence in the light most favorable to the State); *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) ("[I]f there is any direct or *substantial* circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Lane*, 410 S.C. 505, 506-07, 765 S.E.2d 557, 558 (2014) (reversing this court's holding that the State failed to present substantial circumstantial evidence to reasonably prove Lane was the person who committed the burglary for which he was charged, but rather the evidence presented by the State raised only a mere suspicion that Lane committed the burglary, and holding the State presented substantial circumstantial evidence of Lane's guilt, and the case was properly submitted to the jury); *State v. Larmand*, Op. 27562 (S.C. Sup. Ct. filed Dec. 23, 2015) (Shearouse Adv. Sh. No. 50 at 19) ("[W]e must assess whether, in the light most favorable to the State, there was substantial circumstantial evidence from which the jury could infer Respondent's guilt."); *id.* (holding that given the deferential standard of review, the State presented sufficient circumstantial evidence of premeditation and a common plan or scheme such that the trial judge properly denied Respondent's motion for a directed verdict).

(2)     As to whether the trial court erred in charging the jury that "the hand of one is the hand of all": *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004) (stating the trial court is required to charge only the current and correct law of South Carolina); *id.* at 665, 594 S.E.2d at 472-73 ("A jury charge is correct if it contains the correct definition of the law when read as a whole."); *State v. Adkins*,

353 S.C. 312, 318, 577 S.E.2d 460, 463 (Ct. App. 2003) ("In reviewing jury charges for error, [this court] must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at trial."); *id.* at 319, 577 S.E.2d at 464 ("A jury charge which is substantially correct and covers the law does not require reversal."); *id.* at 318, 577 S.E.2d at 463-64 ("If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error."); *State v. Stanko*, 402 S.C. 252, 264, 741 S.E.2d 708, 714 (2013) ("This Court will not reverse a trial court's decision regarding a jury instruction absent an abuse of discretion."); *Adkins*, 353 S.C. at 319, 577 S.E.2d at 464 ("To warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Langley*, 334 S.C. 643, 648, 515 S.E.2d 98, 101 (1999) (holding under "the hand of one [is] the hand of all" theory, "one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose"); *State v. Gibson*, 390 S.C. 347, 354, 701 S.E.2d 766, 770 (Ct. App. 2010) ("In order to establish the parties agreed to achieve an illegal purpose, thereby establishing presence by pre-arrangement, the State need not prove a formal expressed agreement, but rather can prove the same by circumstantial evidence and the conduct of the parties."); *State v. Dewitt*, 254 S.C. 527, 530, 176 S.E.2d 143, 145 (1970) ("The presumption or inference of guilt from possession of recently stolen goods is simply an evidentiary fact to be taken into consideration by the jury, along with the other evidence in the case, and to be given such weight as the jury determines it should receive.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**